J. W. PREWITT, Jr., Appellant,

v.

June Marie PREWITT, Appellee.

No. 497.

Court of Civil Appeals of Texas, Tyler.

Oct. 8, 1970.

Larry L. Gollaher, Dallas, for appellant; Thompson, Coe, Cousins, Irons & Porter, Dallas, of counsel.

Frank L. Branson, Grand Prairie, for appellee; Watson & Parkhill, Grand Prairie, of counsel.

DUNAGAN, Chief Justice.

This is a divorce suit. The suit was brought by June Marie Prewitt in the Domestic Relations Court No. 3 in Dallas County against J. W. Prewitt, Jr., which in addition to seeking a divorce sought custody of their only child, Shannon Denise Prewitt, who was 7 months of age, also asks for attorney's fees in the sum of $1,000. The defendant in the trial court and appellant on this appeal filed his counterclaim for divorce and custody of the child. The cause was submitted to the jury on special issues.

In response to the following numbered special issues, the jury (1) refused to find that the husband had been guilty of cruelty, (3) found that the wife had been guilty of adultery, (5) found that the wife prosecuted the suit in good faith and with probable cause, (6) found that she should be allowed "zero-dollars zero-cents" as attorney's fees, (7) refused to find that she was a fit and proper person to have custody of the child, (8) found that the husband was a fit and proper person to have custody of the child, and (9) found that it would be in the best interest of the child that her custody be placed with the husband. On the basis of this verdict, the trial court rendered judgment on the husband's counter-claim awarding him a divorce and custody of the child. However, the court upon motion of the wife, June Marie Prewitt, disregarded the jury's finding in response to special issue No. 6 and rendered judgment awarding to the appellee-wife the sum of $1,000 as attorney's fees in this case. From this judgment defendant and cross plaintiff has appealed.

Appellant's sole complaint by its point of error is that the trial court erred in disregarding the jury answer to special issue No. 6 and awarding to the appellee the sum of $1,000 for attorney's fees.

This entire appeal is confined to the attorney's fees question. The appeal is prosecuted from the transcript alone which includes therein an agreed statement of the parties as to the facts proven at the trial. Upon the trial of this cause the parties entered into the following stipulation which was read to the jury:

"It is stipulated by and between George Watson, attorney for the Plaintiff and Larry Gollaher, attorney for the Defendant, out of the presence of the jury and before the Plaintiff has rested her case, that Plaintiff's attorney, George Watson would testify that he has represented Plaintiff since the inception of this divorce suit in January of 1969 and has participated in the trial of this case for two days at the time of this stipulation with an indication that the case will go one more day in the trial; and that Plaintiff has agreed to pay George Watson the sum of one thousand (1,000) dollars in attorney's fees for the representation of her in this divorce action; that George Watson is duly licensed to practice law in the State of Texas, licensed by the Supreme Court, and that in his opinion, the sum of $1,000 is a reasonable fee for the representation of Plaintiff in this particular lawsuit in Dallas County, Texas. It is further stipulated that Plaintiff's attorney could subpoena other lawyers licensed to practice law in the State of Texas who would appear

and testify, if given the hypothetical facts as to the work that Plaintiff's attorney has performed in this lawsuit through trial and that these particular counselors would testify that a reasonable fee in Dallas County, Texas, for representation in this divorce cause would be the sum of $1,000."

It is shown by the agreed Statement of Facts that upon a trial of this cause the wife testified "that she was seventeen (17) years of age, worked part time as a waitress and earning approximately $70.00 a week gross and had no other source of income, and attended high school in an attempt to obtain her high school diploma." It was also shown that the appellant was twenty-six years of age. The agreed Statement of Facts also shows that the parties during their marriage had accumulated only a very limited amount of community property which in addition to a 1967 Volkswagen, consisted only of nominal household and personal effects, and that neither party had any separate property of value.

Before disposing of the question at hand, we state these well known principles of law.

In a divorce case the court is not bound by a jury finding but instead, the jury verdict is only of an advisory nature to the trial court. Scannell v. Scannell, 117 S.W.2d 538, 546 (Tex.Civ.App., Ft. Worth, 1938, n. w. h.); Tims v. Tims, 201 S.W.2d 865 (Tex.Civ.App., Amarillo, 1947, writ dism.); Hodges v. Hodges, 207 S.W.2d 943, 946 (Tex.Civ.App., Ft. Worth, 1948, n. w. h.); Lindsey v. Lindsey, 228 S.W.2d 878, 881 (Tex.Civ.App., Amarillo, 1950, n. w. h.); Baker v. Baker, 104 S.W.2d 531 (Tex.Civ.App., San Antonio, 1936, n. w. h.); Skop v. Skop, 201 S.W.2d 77 (Tex.Civ.App., Galveston, 1947); 20 Tex.Jur.2d, p. 452, sec. 108.

"The good faith of the wife in either instituting or defending the suit for divorce, and the existence of probable grounds for divorce, determine primarily the question of the husband's liability for attorneys' fees. In this connection, the husband may be entitled to a jury trial on the issues of good faith and probable cause." 20 Tex. Jur.2d, p. 629, sec. 304.

It seems to be the established law of this State that a wife who prosecutes or defends a divorce suit in good faith and with probable cause is entitled to have her reasonable attorney's fees paid as a necessity for the protection and preservation of herself and estate. Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774; 193 S.W.2d 707; Moore v. Moore, 192 S.W.2d 929 (Tex.Civ.App., Ft. Worth, 1946, n. w. h.); Robertson v. Robertson, 217 S.W.2d 132, 137 (Tex.Civ.App., Ft. Worth, 1949, n. w. h.); Speer's Marital Rights in Texas, Fourth Edition, Vol. 3, sec. 886.

The fact that in accordance with the jury verdict the court denied appellee a divorce upon her petition and granted appellant a divorce upon his cross-action did not deprive the appellee of the rights to recover a reasonable attorney's fee for services rendered by her attorney if she had reasonable ground for bringing the suit and instituting such suit in good faith. Boenker v. Boenker, 405 S.W.2d 843, 849 (Tex.Civ.App., Houston, 1966, writ dism.), and Wallace v. Briggs, 162 Tex. 485, 348 S.W.2d 523, 526 (1961).

Considering the jury's finding, which is not challenged, that Mrs. Prewitt prosecuted her suit in good faith and with probable cause, and the uncontradicted evidence that she owned no separate estate and that she was unable to pay a reasonable attorney's fee, which under the findings of the jury and the agreed Statement of Facts she was entitled to in order to enable her to prosecute her suit adequately and protect her rights, it is our considered opinion under the record in this case that the trial court acted within the scope of its authority and discretion when it made the independent finding as to the attorney's fee

and awarded to the appellee by its judgment an attorney's fee which finding and judgment is amply supported by the evidence.

Under the record before us in this case we are of the opinion that the trial court judgment should be affirmed.

Judgment affirmed.