Virginia S. HOPKINS, Appellant,

v.

John F. HOPKINS, Appellee.

No. 1080.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1976.

Patrick J. Horkin, Jr., Horkin & Horkin, Inc., Corpus Christi, for appellant.

Travis A. Peeler, Prichard, Peeler & Smith, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a judgment that decreed a divorce and divided the marital estate. The trial court submitted special issues to a jury and granted the divorce on the grounds that the marriage had become insupportable because of discord or conflict of personalities that destroyed the legitimate ends of the marriage relationship and prevented any reasonable expectation of reconciliation. There were no children of the marriage under the age of eighteen at the time of the judgment. The appellant-wife brings this appeal attacking as unconstitutional the grounds upon which the divorce was granted and complaining of an unequal division of the estate.

Virginia S. Hopkins and John F. Hopkins were married in Boise, Idaho, on March 10,

1944. At the time of the marriage John was a member of the United States Air Force. During approximately thirty years of marriage the parties lived in various states in the United States and foreign countries. He retired as an Air Force officer in 1963. On or about October, 1973, the parties separated and ceased to live together as husband and wife. Virginia initiated the divorce action in March of 1974. She alleged in her original petition as a ground of divorce that the marriage had become insupportable because of discord or conflict of personalities that destroyed the legitimate ends of the marriage relationship and prevented any reasonable expectation of reconciliation. John filed an answer and cross-action seeking a divorce upon the same grounds. Virginia subsequently moved for a nonsuit and the court proceeded to trial and judgment upon John's cross-action.

The appellant first contends that Sections 3.01 (about insupportability) and 3.08 (about defenses abolished) of the Texas Family Code are unconstitutionally applied to the dissolution of her marriage because these statutes destroy vested marital assets without due process, without compensation and without fault on her part. She further argues that she had a vested right to offer the defenses of recrimination and adultery in a suit for divorce and the elimination of these defenses by Section 3.08 may not be retroactively applied to her. In support of this argument she relies upon the case of *Click v. Seale*, 519 S.W.2d 913 (Tex.Civ.App.—Austin 1975, no writ).

■ We are not persuaded that *Click v. Seale*, supra, is controlling of the present case. In *Click*, the plaintiff sought to compel specific performance of an option contract which was entered into at a time when the defendant was under coverture and the existing law provided that the defendant wife had the option to repudiate the contract and to refuse to perform. Reasoning that by implication parties to an agreement make the law a part of their agreement, the court held that the wife's defense of coverture was a substantive

right which was conferred by the then existing law and that right could not be defeated by a subsequent amendment of the law. In *Click*, all of the essential facts giving rise to the defense of coverture arose before the law was changed. That is, the defense was a vested right and not a mere expectancy. To have denied the vested right would have materially altered the contractual obligations of the parties. The Texas Constitution prohibits the retroactive application of legislative enactments which affect the substantive rights of individuals or impairs the obligation of contracts. Tex. Const. art. I, § 16. In the present case, however, the defense of recrimination or adultery was not a vested right. The suit for divorce was not brought prior to the enactment of Section 3.08. The possibility that the appellant would assert these defenses was nothing more than a contingency. Additionally, the business contract in *Click* may not be equated with the marriage contract in the present case. The parties in the present case are clearly domiciled in Texas and thus they are subject to the divorce laws of this State. The state legislature has the broad power to regulate and thereby change the conditions for obtaining a divorce by its residents. Texas does not regard the marital relationship as a contract vesting rights in the parties so as to preclude the retroactive application of amendments to the laws which govern that relationship. *McGinley v. McGinley*, 295 S.W.2d 913 (Tex.Civ.App.—Galveston 1956, no writ). See *LeFebvre v. LeFebvre*, 510 S.W.2d 29 (Tex.Civ.App.—Beaumont 1974, no writ); *Pappas v. Pappas*, 146 S.W.2d 1115 (Tex.Civ.App.—Fort Worth 1941, no writ); *Young v. Young*, 41 S.W.2d 367 (Tex. Civ.App.—Austin 1931, no writ). It is not error for a Texas Court rendering a decree of divorce to apply the no fault divorce law of this State although the marriage dissolved was celebrated in a sister state and the law of the sister state at the time of the marriage did not provide for no fault divorce. *Smitheal v. Smitheal*, 518 S.W.2d 842 (Tex.Civ.App.—Fort Worth 1975, no writ), cert. denied, 423 U.S. 928, 96 S.Ct.

277, 46 L.Ed.2d 256. See *Ryan v. Ryan*, 277 So.2d 266 (Fla.1973); 23 A.L.R.3d 626.

■ The appellant's constitutional argument that she had been deprived without due process of vested personal property rights in the marital estate, namely, the medical benefits to which she was entitled to as the wife of a retired Air Force officer, must also fail. The basic requirements of due process are notice and hearing. *Martinez v. Texas State Board of Medical Examiners*, 476 S.W.2d 400 (Tex.Civ.App.— San Antonio 1972, writ ref'd n. r. e.). The appellant does not contend nor does the record reflect that she was not afforded adequate notice or a fair hearing. Indeed, it appears that she was protected in both regards.

■ We are also of the opinion that there has not been an unconstitutional taking of property without compensation. The grounds upon which the divorce is granted and the defenses to the divorce which a spouse may raise do not affect the rules of law as to the division of the marital estate. Texas law provides that upon granting a decree of divorce the court shall divide the marital estate having due regard to the rights of each party. Tex.Family Code Ann. § 3.63 (1975). The trial court must begin by establishing the nature of the property to be divided as separate or as community. *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). Among the things which a court may consider in dividing the estate is the benefits the innocent spouse would have received from a continuation of the marriage. *Currie v. Currie*, 518 S.W.2d 386 (Tex.Civ.App.—San Antonio 1974, writ dism'd). Such a consideration would encompass the medical benefits of which the appellant complains. A monetary value may be assigned to each asset comprising the marital estate. Although the division does not have to be equal, an unequal division must be supported by some reasonable basis. *Cooper v. Cooper*, supra. These safeguards and others are sufficient to preclude an unconstitutional taking of proper-ty without compensation. The appellant's constitutional arguments are overruled.

■ The appellant contends that the court erred in dividing the property of the parties because: the division arbitrarily awarded to the appellant a grossly disproportionate share of the community assets which resulted in a manifestly unfair and unjust judgment; the appellant was awarded a grossly inadequate sum because there is no evidence to support the dollar amount awarded to the appellant as her share of the community assets; the court failed to consider all of the community assets; the court failed to consider the disparity in earning capacity, the disparity of education and business experience, and the health of the parties. The judgment recites, however, that the division of the marital estate is made with due regard for the rights of each party. Our initial presumption in reviewing a court's division of the marital estate is that the court correctly exercised its discretionary powers. It is not required that the division be equal and a party that would seek to set aside the ruling must show a clear abuse of discretion. *Bell v. Bell*, 513 S.W.2d 20 (Tex.Sup.1974); *Elrod v. Elrod*, 517 S.W.2d 669 (Tex.Civ.App.— Corpus Christi 1974, no writ). In fact, in our case there is sufficient evidence in the record, if believed, to sustain a value slightly greater for the property awarded to the appellant-wife than for that property awarded to the appellee-husband; that is, $115,384.15 to her compared to $115,160.85 to him. After a careful review of all the evidence we are unable to say that the division constitutes a manifestly unfair or unjust judgment. There is no indication that the court failed to consider all of the evidence that was before it. We hold that the appellant has not shown error in the division of the estate.

■ The appellant further contends that the trial court erred in failing to award the appellant attorney's fees in the amount of $7700.00. In response to the submission of special issue the jury: refused to find that it was necessary for the appellant to employ an attorney to protect her rights in

the divorce suit; refused to find that she retained attorneys to represent her in good faith; refused to find that she had funds to pay attorney's fees; and found that $7700.00 would be a reasonable attorney's fees for her counsel in the present suit. The fee of an attorney is but another element for the court to consider in dividing the marital estate. The allowance, or not, of attorney's fees and the amount, if any, to be awarded is within the sound discretion of the trial court. *In Matter of Marriage of Jackson*, 506 S.W.2d 261 (Tex.Civ.App.—Amarillo 1974, writ dism'd); *Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd). Jury answers to special issues about dividing the marital estate of spouses in a divorce suit are advisory only and the court may in its discretion disregard the jury findings. *Cockerham v. Cockerham*, 514 S.W.2d 150 (Tex.Civ.App.—Waco 1974), rev'd in part on other grounds, 527 S.W.2d 162 (Tex.Sup. 1975). We hold that the appellant has not carried her burden of showing an abuse of discretion in the court's decision not to award attorney's fees.

■ The appellant also contends that the court erred in failing to consider the fraudulent concealment and dissipation of marital assets. The jury refused, however, to find that there was any fraud, concealment or dissipation of assets. The appellant urges that there is an abundance of evidence in the record that much property was transferred, dissipated or concealed. Even if we were to find, which we do not, that the jury's answers in this regard were against the great weight and preponderance of the evidence, we are unable to find that the trial court failed to take this into consideration in dividing the estate. The court received evidence upon the issue and special issues on the matter were submitted to the jury. We hold, therefore, that the appellant has not shown an abuse of discretion.

■ The appellant contends that the trial court erred in submitting an incorrect definition of fraud. The appellant submitted a suggested definition of fraud which was granted as modified by the court. The appellant failed, however, to level any objection to the definition (modified) as it was submitted. When the court gives a definition, a party who is not satisfied must file an objection specifically and clearly pointing out the deficiency or the objection is deemed waived. Rule 274, T.R. C.P.; *Yellow Cab & Baggage Company v. Green*, 154 Tex. 330, 277 S.W.2d 92 (1955). We hold that the appellant has waived any objection that she may have had to the definition of fraud as it was submitted by the court.

■ The appellant also argues that the trial court erred in refusing to submit a requested special issue which inquired whether John Hopkins had dissipated any cash in his bank account. The record does not reflect that the appellant objected to the charge of the court pointing out the failure to include the requested special issue. The appellant has therefore waived the objection and the error, if any, does not constitute a ground for reversal. Rule 274, T.R.C.P.; *Stuckey v. Union Mortgage & Investment Company, Inc.*, 383 S.W.2d 429 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.).

Finally, the appellant contends that the trial court erred in refusing to permit her full discovery. Specifically, she urges that the court should have ordered John Hopkins to secure at his own expense copies of all cancelled checks and bank statements spanning a period of about two years. The cost of reproduction was estimated to be approximately $1000.00. In the alternative, she urged that the cost of securing these items be charged against the community funds. She contended that these documents would enable her to establish the fraudulent conduct of John Hopkins in dissipating the community funds. Hopkins explained that it was his practice to retain for his personal records only those cancelled checks which he considered necessary for tax purposes. The court did, however, order Hopkins to produce for inspection the cancelled checks and bank statements which were in his possession but at the same time

refused to require him to obtain at his expense the missing bank records. Further, the court authorized appellant to obtain those instruments, but at her own expense.

For a thing or document to be subject to discovery under Rule 167, T.R. C.P., it must be in the custody, control or possession of a party to the suit. The trial court has wide discretion in ordering discovery and unless there is shown an abuse of discretion his ruling will not be disturbed. *Cutler v. Gulf States Utilities Company,* 361 S.W.2d 221 (Tex.Civ.App.— Beaumont 1962, writ ref'd n. r. e.). The missing records of which the appellant complains were in the custody, control and possession of the bank. Under these circumstances the court did not abuse its discretion in refusing the demand of the appellant. All of the appellant's points of error have been by us considered and are hereby overruled.

The judgment of the trial court is affirmed.