**Martin Lester DERBONNE, Appellant,**

v.

**Katie Ann DERBONNE, Appellee.**

**No. 1538.**

Court of Civil Appeals of Texas, 14th Dist.

Aug. 10, 1977.

Rehearing Denied Aug. 31, 1977.

---

Bruce F. Kelly, Carl D. Haggard, Houston, for appellant.

Ben Hardin, Wommack & Hardin, Lake Jackson, James W. Bradford, Jr., Angleton, for appellee.

J. CURTISS BROWN, Chief· Justice.

This is an appeal from a judgment modifying the parent-child relationship in which the court refused to award attorney's fees.

Martin Lester Derbonne, appellant, brought suit to change custody of his two minor children from Katie Ann Derbonne, appellee, to himself. The two parties were divorced in May 1975, and the court appointed appellee managing conservator and appellant possessory conservator. Appellee filed a cross-action requesting an increase in child support payments. Appellant engaged separate counsel to defend this cross-action and answered denying the necessity for an increase in child support and asked the court to award him costs plus attorney's fees amounting to $5,000. The jury found in favor of appellant to change custody from appellee to himself and against appellee on the increase in child support. They also found that the reasonable value of attorney's fees for defending the cross-action was $2,000. Subsequently, appellee filed a motion for judgment non obstante veredicto as to the award of attorney's fees. In its final judgment, the trial court failed to award attorney's fees.

On appeal, appellant's attack is limited to the judgment of the trial court in not following the jury's award of attorney's fees. He argues that a judgment non obstante veredicto is only proper when there is no evidence to support the jury's findings, and that in this case, there was ample evidence to support the award. Appellant also alleges that the motion for judgment n. o. v. was insufficient and that he received no notice thereof.

We hold that the action of the trial court in not awarding attorney's fees was within its discretion. The original action to change custody brought by appellant and the cross-action to increase child support were proceedings falling under Title 2, Subtitle A of the Texas Family Code deal-

ing with suits affecting the parent-child relationship. *See* Tex.Family Code Ann. § 11.01(5) (1975), and § 14.08 (Supp.1976). Section 11.18(a) in subtitle A, provides in pertinent part:

> In any proceeding under this subtitle, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

It is clear from the wording of this section, and it has been so held, that the award of attorney's fees in such proceedings is within the court's discretion. *Labowitz v. Labowitz*, 542 S.W.2d 922, 927 (Tex.Civ.App.—Dallas 1976, no writ). After reviewing the record, we can not say that the trial court abused its discretion in failing to award attorney's fees. *Cf. Prewitt v. Prewitt*, 459 S.W.2d 720 (Tex.Civ.App.—Tyler 1970, no writ).

Considering appellant's third point of error, we find that while appellee's motion for judgment n. o. v. as to the award of attorney's fees was sufficient to invoke the trial court's jurisdiction, the record is silent as to whether adequate notice of the motion was given to appellant as required under Tex.R.Civ.P. 301. Without a proper motion and notice, the court is not authorized to disregard a jury finding. *Hines v. Parks*, 128 Tex. 289, 96 S.W.2d 970, 973 (1936); *Houston County v. Leo L. Landauer & Associates, Inc.*, 424 S.W.2d 458, 465–66 (Tex. Civ.App.—Tyler 1968, writ ref'd n.r.e.). However, the record also does not reflect whether the trial court considered appellee's motion. This is not a case in which the court allowed attorney's fees, but in an amount different from the award found by a jury. The judgment simply fails to award the $2,000 attorney's fees which the jury found to be a reasonable amount for the services performed. Therefore, since the awarding of attorney's fees is within the discretion of the court under section 11.-18(a), we hold that the court acted within its authority in failing to award attorney's fees.

Affirmed.