**Paul L. DREXEL, Appellant,**

v.

**Margaret Mitchell McCUTCHEON, Appellee.**

**No. 6114.**

Court of Civil Appeals of Texas, Waco.

July 31, 1980.

Rehearing Denied Aug. 28, 1980.

Sam C. Bashara, Law Offices of Sam C. Bashara, San Antonio, for appellant.

Kirk Patterson, Stewart, Hemmi & Pennypacker, San Antonio, for appellee.

HALL, Justice.

Appellant Paul L. Drexel brought this suit against his former wife, appellee Margaret Mitchell McCutcheon, seeking modification of an existing order which granted custody of the parties' son to appellee. Appellant alleged that when the parties were divorced in 1972 the custody of their son,

born June 4, 1969, was awarded to appellee; that the circumstances of the child or a parent had materially and substantially changed since the rendition of original custody order; that the retention of appellee as managing conservator would be injurious to the welfare of the child; and that the appointment of appellant as managing conservator would be a positive improvement for the child. In the event he succeeded in his custody suit, appellant also sought an order requiring appellee to pay child support. If he did not succeed, he pleaded for modification of the visitation rights provided him in the prior decree. He also pleaded for the recovery of reasonable attorney's fees on the ground that it was necessary for him to employ an attorney "to protect the best interest of his child."

In her answer, appellee specially denied there had been a material change of conditions or that the award of custody to appellant would be a positive improvement for the child; and she alleged that her continuation as managing conservator would be in the best interest of the child, and that the appointment of appellant as managing conservator would be detrimental and disastrous and injurious to the welfare of the child. She also pleaded for an increase in the child support paid by appellant and a limitation of appellant's visitation rights. Additionally, appellee sought recovery of reasonable attorneys' fees on the ground that she had been required to employ the services of attorneys "to defend this suit and defend the best interests of the minor child, the subject matter of this suit."

The case was tried to a jury and submitted on three special issues. In response to the first special issue the jury affirmatively found that the circumstances of the child or appellee had so materially and substantially changed since the original custody order "that the retention of the mother as managing conservator would be injurious to the welfare of the child, and that the appointment of the father as managing conservator would be a positive improvement for the child and to the welfare and best interest of such child." In the second special issue the jury was asked to set the amount of monthly child support appellant should pay. This issue was conditioned upon a negative answer to issue number one; and, properly, it was not answered by the jury. Special issue number three, and the jury's answer, were as follows:

"*SPECIAL ISSUE NO. 3*:

"What do you find from a preponderance of the evidence to be a reasonable attorneys' fee, if any, for the necessary legal services rendered and performed by [appellee's two attorneys] for the benefit of the child in the defense and prosecution of this suit?

"Answer in Dollars and Cents, if any.

"We, the Jury, answer: <u>feel this is excessive.</u>"

The judgment rendered in the case recites that the court "duly examined the verdict, polled the jury, and ordered the verdict received, filed, and entered into the records of the court." It provided that appellee was removed as managing conservator of the child; that appellant was appointed managing conservator; that appellee was appointed possessory conservator with the right of possession and access to the child for substantial periods of time during each year set forth in the judgment; and the court "declined to award child support." Additionally, it was decreed that appellee's two named attorneys "be and they are together awarded the total sum of $4,000.00 as reasonable attorneys' fees, and Paul L. Drexel, Movant herein, is ordered to pay the same directly to said attorneys who may enforce this order for the fees in their own names." Costs of court were adjudged against appellee.

All of appellant's points of error relate to and question only the award of attorneys' fees to appellee's attorneys. The appellant record does not contain a statement of facts of the trial.

Appellant asserts that the award of attorneys' fees against him was erroneous for these reasons:

1. He was the successful party in this case; V.T.C.A., Family Code § 11.-18(a) requires that attorney's fees be

taxed as costs in a case involving the parent–child relationship, which was not done in this case; and, in any event, under the provisions of Rules 131 and 141, Vernon's Tex.Rules Civ. Proc., costs may be taxed against the successful party only "for good cause, to be stated in the record," and good cause did not exist for taxing attorneys' fees against him.

2. The taxing of costs against appellee and attorney's fees against appellant created a conflict in the judgment.

3. The jury failed to find that the award of $4,000.00 attorneys' fees assessed against appellant was reasonable and necessary for the benefit of the child, and appellee did not file a motion for judgment notwithstanding the verdict.

Appellee responds by asserting (1) Family Code § 11.18(a) authorizes an award of attorney's fees in this suit, but it does not require that the attorney's fees be taxed as costs; (2) under the existing case law the attorneys' fees in question were properly awarded if they were necessary to protect the interests of the child, without regard to which parent was the "successful party"; and (3) without a statement of facts it must be presumed on appeal that the services rendered by appellee's attorneys were necessary for the benefit of the child and that the amount of $4,000.00 awarded by the court was reasonable. Appellee does not seek affirmative relief on appeal.

In turn, appellant contends § 11.18(a) abolished the common law rule allowing attorney's fees as necessaries for the child, and that, in any event, the fees may not be allowed here under that rule because, since appellee did not succeed in her custody suit, the services of her attorneys could not have been for the benefit of the child.

Family Code § 11.18(a) provides as follows: "In any proceeding under this subtitle [Subtitle A. The Parent–child Relationship And The Suit Affecting The Parent–child Relationship], the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs,

and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name." The language of this statute is permissive throughout its terms. It authorizes an award of attorney's fees and it permits the taxing of the award as costs, but it does not require that attorney's fees be awarded nor that they be taxed as costs. Appellant's contention that the attorney's fees must be taxed as costs under § 11.18(a) is overruled. His related complaints based upon Rules 131 and 141, and the asserted conflict in the judgment, are also overruled.

The leading case on the award of attorney's fees as "necessaries" in child custody proceedings is *Schwartz v. Jacob*, 394 S.W.2d 15 (Tex.Civ.App.–Houston 1965, writ ref'd n. r. e.). In that case the father brought suit for change of custody of the children from the mother to him, and, if not successful in the custody action, for modification of visitation privileges and a reduction in support payments. The mother defended the custody action and sought, among other relief, an increase in support payments and a judgment for attorney's fees incurred by her in connection with the proceedings. Trial to the court resulted in a judgment refusing to change custody, modifying visitation rights, reducing the child support, and awarding the mother $4,000.00 attorney's fees. On appeal, the father contested the award of attorney's fees. The court said:

"... The father initiated the action by filing to reduce payments to $300.00 per month. He then sought a change of custody and modification of visitation privileges. The mother's action, except as to a plea for increased support for the children and the prayer for attorney's fees was purely defensive.

"We hold that under such circumstances the real parties–defendant, though not the formally named ones, were the children and the furnishing of counsel was the furnishing of necessaries to the minor children. The allowance of the fee is not to the divorced wife for services rendered her, but for services rendered by the at-

torneys, at the instance of the mother, to the children. There are no Texas cases precisely in point. This is the rule in most states though the reasons assigned are various. 15 A.L.R.2d 1270.

"In the recent case of *Burson v. Montgomery*, Tex.Civ.App., 386 S.W.2d 817, this Court had occasion to deal with the question of who were the real parties at interest in a child custody proceeding. We there reviewed various cases and came to the conclusion that the real parties at interest, though they were not formally named as such, were the children. We need say no more in this connection here, except that the same is true where the matter of support for the children is involved.

"The theory on which attorney's fees are allowed a wife in a divorce suit is that they are necessaries. There is no statute or rule allowing them. *Robert v. Roberts*, 144 Tex. 603, 192 S.W.2d 774. There is a host of cases to this effect. The husband has a common law obligation to furnish necessaries for the wife and children so the same principle applies in this case.

. . . . .

". . . Food and clothing are but a small part of the things necessary to properly rear children. Education, cultural development, religious and ethical training are equally as important, if not more so. The obtaining of means to furnish them is necessary. Too, the kind of a home in which the children are reared and the persons with whom they daily associate are most important. Therefore, the matter of their custody is of utmost concern. For there to be a full development of matters hearing on these issues it is necessary to employ counsel to look after the children's interest. It does not suffice to suggest, as does appellant, that he was looking after their interest. He had a personal partisan interest also. The mother did too. Our adversary system is best suited to a development of the true facts and the adversary system envisions the right of representation by counsel.

"We are aware that recovery is to be had by the person furnishing the necessaries. In the posture of the pleading and judgment here we think recovery was had by the attorneys. The pleading for attorney's fees showed it was for services rendered by the attorneys for the minors' welfare. The attorneys were not formally named as parties to the suit but they were named as the parties rendering the services. Under such circumstances, the recovery is for the attorneys and they are bound by the judgment. They signed the pleadings. They participated in the trial. The judgment ordered payment of attorney's fee to counsel by appellant. It is evident that the fee was for services in protecting the interest of the minors at the instance of the mother, and recovery was sought for the attorneys. *Roberts v. Roberts*, 144 Tex. 603, 192 S.W.2d 774."

The court reached the conclusion that, "*Under the circumstances of this case*, we are of the view that attorney's fees allowed were necessaries furnished the children." (Emphasis added).

■ Family Code § 4.02 provides that the spouses have the duty to support each other and their children and that "[a] spouse or parent who fails to discharge the duty of support is liable to any person who provides necessaries to those to whom support is owed." § 11.18(a), allowing attorney's fees in suits affecting parent–child relationships, does not purport to abolish the common law rule allowing attorney's fees as necessaries for the child. We hold it did not. Indeed, we could hardly hold otherwise in the light of § 4.02. In *Uhl v. Uhl*, 524 S.W.2d 534 (Tex.Civ.App.–Fort Worth 1975, no writ), decided after the effective date of § 11.-18(a), the court followed the common law rule in a child support action and held that attorney's fees should have been allowed as necessaries for the child under the provisions of § 4.02. Appellant's contention that since the enactment of § 11.18(a) the courts may not award attorney's fees as necessaries for the child is overruled.

Appellant argues that even if the common law doctrine still prevails, to allow attorney's fees to the attorney for the unsuccessful party in a custody action would be against public policy because it would breed vexatious suits and also have a chilling effect upon those who observed their children in dangerous or injurious circumstances from taking remedial action. On the other hand, citing the rule that in a divorce action the losing spouse is entitled to recover attorney's fees as necessaries if he or she instituted or defended the suit in good faith and on reasonable grounds, appellee argues that the award of attorneys' fees in question should be held proper if she defended appellant's custody suit on reasonable grounds and in good faith, and that, in the light of the judgment, without a statement of facts, we must presume that the evidence established those criteria.

■ We are concerned, here, only with the propriety of attorneys' fees allowed as necessaries for the child for services rendered by the attorneys of the *custodial* parent who did not succeed in her defense of an action for change of custody. Those are our facts. We are not concerned with such an allowance to an unsuccessful noncustodial parent who brought the action for change of custody, and we should not and do not attempt to decide that question. Under the provisions of Family Code § 14.-02 the custodial parent is granted and charged with substantial rights, privileges, duties and powers in relation to the child, including "(2) the duty of care, control, protection, moral and religious training, and reasonable discipline of the child," and "(6) the power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child." We believe, and hold, that under this statute and § 4.02 and § 11.18(a) an award of attorney's fees for services rendered at the instance of the custodial parent in defending an action for change of custody may be allowed, even though the defense was unsuccessful, if the record properly establishes that the services of the attorney were necessary legal services rendered and performed for the benefit of the child. This rule deters the bringing of vexatious suits and also groundless defenses, and provides a means of payment for legal services rendered on behalf of the less affluent custodial parent for the benefit of the child on the custody issue.

■ Under the "good faith" and "probable grounds" rule in divorce actions which allows an award of attorney's fees as necessaries for the unsuccessful spouse in bringing or defending the action, the party against whom the claim for attorney's fees is asserted is entitled to a jury trial on the issues of good faith and probable cause and also on necessity. *Prewitt v. Prewitt*, 459 S.W.2d 720, 722 (Tex.Civ.App.–Tyler 1970, no writ); *Sailes v. Sailes*, 394 S.W.2d 248, 249 (Tex.Civ.App.–Beaumont 1965, no writ); *Gunther v. Gunther*, 301 S.W.2d 207, 209 (Tex.Civ.App.–Dallas 1957, writ dism.); 20 Tex.Jur.2d 629, Divorce And Separation § 304. There is no sound reason why the right of jury trial should not apply in a custody suit on the issue of whether the legal services were necessary for the benefit of the child, and, if sought, on the issue of the necessitous circumstances of the claiming parent since both parents are responsible for providing the child's needs.

In our case, the issue of whether the services of appellee's attorneys were necessaries for the child was submitted to the jury in special issue number three along with the question of the amount of the fees. The issue submitted essential elements of the claim for attorneys' fees. The burden of securing an affirmative finding on the issue was on appellee's side of the case. It was not met. As appellee states in her brief, the jury's answer "feel this is excessive" was "non–responsive . . . and left us to speculate as to their intentions." Neither the trial court nor this court is permitted to speculate as to what the jury intended by its answer. *Northern Texas Traction Co. v. Armour & Co.*, 116 Tex. 176, 288 S.W. 145, 146 (1926). The effect of the jury's answer was no answer.

■ When the trial court received the partial verdict, it could have declared a

mistrial on the severable issue of attorneys' fees, or it could have rendered a take–nothing judgment on that claim because of appellee's failure to secure the necessary findings for a judgment thereon. *Security State Bank And Trust v. Craighead,* 440 S.W.2d 701, 704 (Tex.Civ.App.–San Antonio 1969, writ ref'd n. r. e.); *Cunningham v. R. W. McPherson & Associates, Inc.,* 392 S.W.2d 145, 147 (Tex.Civ.App.–Waco 1965, writ ref'd n. r. e.). But, without a motion for judgment notwithstanding the verdict, the court could not disregard the absence of the essential findings and substitute his own findings therefor. Rules 300 and 301, Vernon's Tex.Rules Civ.Proc.; *Bond v. Otis Elevator Company* (Tex. 1965) 388 S.W.2d 681, 685. This was so even if the evidence conclusively established the findings made by the court, because such conclusive proof was the necessary ground for the judgment notwithstanding the verdict. Rule 301 provides that "upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper." See *Brownsville & Matamoros Bridge Co. v. Null,* 578 S.W.2d 774, 780 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n. r. e.).

Appellee cites a number of cases for the rule that in suits involving the parent–child relationships an award or not of attorney's fees is addressed to the discretion of the court under Family Code § 11.18(a). All of the cases cited were tried without a jury, except *Derbonne v. Derbonne,* 555 S.W.2d 507 (Tex.Civ.App.–Houston [14th Dist.] 1977, writ dism.); *Prewitt v. Prewitt,* 459 S.W.2d 720 (Tex.Civ.App.–Tyler 1970, no writ); and *Hopkins v. Hopkins,* 540 S.W.2d 783 (Tex.Civ.App.–Corpus Christi 1976, no writ). In *Derbonne, Prewitt* and *Hopkins,* the judgments did not conform to jury findings on attorney's fees. But the opinions in those cases reflect that a questioned motion for judgment non obstante was filed in *Derbonne;* a motion to disregard the jury finding was filed in *Prewitt;* and in *Hopkins,* a divorce action with no children involved, the jury failed to find that it was necessary for the wife to employ an attorney to protect her rights, and failed to find

that she retained her attorney in good faith. Moreover, in *Hopkins,* the court pointed out that in a divorce case the fee of an attorney is but another element for the court to consider in dividing the marital estate. None of the cases cited by appellee support the proposition that appellant was not entitled to a jury trial in our case on the "necessaries" question.

Finally, appellee points to the fact that she succeeded on her visitation action and suggests that the award of attorneys' fees by the court was proper on that separate ground. Plainly, special issue number three was addressed to that action as well as to the custody suit, and all that we have said and held applies equally to both actions.

The portion of the judgment awarding attorneys' fees is reversed. The remainder of the judgment is affirmed.

The issue of attorneys' fees is a severable claim which may be remanded for a new trial. Rule 434, Vernon's Tex.Rules Civ.Proc.; *Great American Reserve Insurance Co. v. Britton* (Tex. 1966) 406 S.W.2d 901, 907. We believe this is a proper case for that to be done. Accordingly, we sever the issue of attorney's fees and remand it for trial.

The costs of this appeal are assessed against appellee.