Mary Neil NEAL, Appellant,

v.

James Kyle NEAL, Appellee.

No. 8511.

Court of Civil Appeals of Texas, Beaumont.

Sept. 25, 1980.

Rehearing Denied Oct. 23, 1980.

---

Gilbert T. Adams, Beaumont, for appellant.

John H. Seale, Jasper, for appellee.

KEITH, Justice.

The mother of a seven–year–old boy appeals from an order modifying a divorce decree by changing the managing conservatorship from the mother to the paternal grandparents, requiring the mother to pay $30 a month child support in addition to the $300 monthly being paid by the father, and ordering the payment by the father of fees to the mother's attorneys. The order of the trial court is reversed and rendered as to custody and child support but is affirmed as to attorney's fees.

Since September 1, 1975, *Tex. Family Code Ann. § 14.08(c)(1) (Supp.1980)* has imposed upon the party seeking a change in custody the burden to show a change of conditions so material and substantial that "the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child . . . ."

Even before the adoption of the Family Code, a showing of a change of conditions was required as a prerequisite to change of custody, for two reasons. First, the decree of divorce was viewed as *res judicata* as to the best interests of the children at the time of its entry, *Knowles v. Grimes*, 437 S.W.2d 816 (Tex.1969). Thus, the trial court was without jurisdiction to change custody in absence of such a showing, *Bukovich v. Bukovich*, 399 S.W.2d 528 (Tex.1966). Second, and perhaps more important, the application of *res judicata* principles in custody matters was considered appropriate to preserve a high degree of stability in the child's home and surroundings and thus to serve the best interests of the child, *Mumma v. Aguirre*, 364 S.W.2d 220 (Tex.1963).

■ Far from removing this requirement, the Family Code increased the burden on the moving party by requiring proof that the present arrangement is injurious to the welfare of the child *and* that appointment of a new managing conservator would be a positive improvement for the child. *O. v. P.*, 560 S.W.2d 122, 126 (Tex.Civ.App.–Fort Worth 1977, no writ), quoted in *D.W.D. v. R.D.P.*, 571 S.W.2d 224, 225 (Tex. Civ.App.–Fort Worth 1978, writ ref'd n. r. e.). Change of circumstances is now considered to be a "threshold inquiry", precluding further inquiry into the best interests of the child if no change since the previous order is shown, *Armstrong v. Armstrong*, 601 S.W.2d 724, 725–726 (Tex.Civ.App.–Beaumont 1980, application for writ pending). See *D.W.D.*, supra; *Watts v. Watts*, 563 S.W.2d 314 (Tex.Civ.App.–Dallas 1978, writ ref'd n. r. e.).

■ The father's complaints fell into two categories, the first of which related to the mother's use of alcoholic beverages; but, his own testimony showed that the conditions were substantially the same as existed prior to the entry of the divorce decree wherein she was appointed managing conservator of the child. In essence, there was no change in conditions shown. See *Watts v. Watts*, supra (563 S.W.2d at 316).

Another complaint was that the mother permitted the child to spend too many nights with the paternal grandparents. But, our record shows that such was done frequently to comply with the requests of the grandparents and that the child was comfortable in such surroundings. We are unwilling to affirm a change in custody upon such flimsy evidence. Particularly is this so in the face of a record that demonstrates that the original custody order had produced a well–adjusted and well–mannered boy who was being afforded excellent care by his mother, assisted by the paternal grandparents.

Testing the record under the well known rules regarding the sufficiency of the evidence, we are of the opinion that there is no evidence supporting the order of the trial court. It necessarily follows that we are of the opinion that the trial court abused its discretion in changing the managing conservatorship of the child. Consequently, the judgment is now reversed and judgment rendered reinstating the original judgment which appointed the mother managing conservator of such child.

We turn now to the other facet of the appeal, the amount of attorney's fees awarded to the mother in her defense of the action. Her counsel contends that the award of $2,500 was grossly inadequate and asks this Court to increase the amount of such award.

■ It is the general rule in this State that, unless provided for by statute or by contract between the parties, attorney's fees are not recoverable. *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex.1964). *Tex. Family Code Ann. § 11.18 (1975)* authorizes the award of reasonable attorney's fees "[i]n any proceeding under this subtitle"–that affecting the parent–child relationship; and, the award of such fees in this type of action is within the discretion of the trial court. *Derbonne v. Derbonne*, 555 S.W.2d 507, 509 (Tex.Civ.App.–Houston [14th Dist.] 1977, writ dism'd). See and compare, *Bradford v. Campdera*, 581 S.W.2d 501, 502–503 (Tex. Civ.App.–Eastland 1979, no writ).

■ It is also well established that the reasonableness of attorney's fees is a ques-

732

tion of fact to be determined by the trier of fact and must be supported by competent evidence. *Peeples v. Peeples*, 562 S.W.2d 503, 506 (Tex.Civ.App.–San Antonio 1978, no writ).

We must assume, in the absence of any indication to the contrary, that the trial court considered the established elements going to make up a reasonable attorney's fee as set out in *McFadden v. Bresler Malls, Inc.*, 526 S.W.2d 258, 263–264 (Tex.Civ. App.–Austin 1975, no writ). It should also be remembered that opinion testimony by an attorney as to the value of such services is not conclusive, although it may be given great weight by the trier of the facts. *Trevino v. American National Insurance Co.*, 140 Tex. 500, 168 S.W.2d 656, 660 (1943).

After a careful review of the record, while this Court might have awarded a larger amount as attorney's fees, we do not find an abuse of discretion on the part of the trial court in awarding the sum set out in the judgment.

Moreover, while this Court has power to suggest remittitur of an excessive allowance as a condition to affirmance, we are not authorized to *increase* the amount of attorney's fees awarded by the trial court. *Reintsma v. Greater Austin Apartment Maintenance*, 549 S.W.2d 434, 437 (Tex.Civ.App.–Austin 1977, writ dism'd).

The portion of the order changing the managing conservatorship of the child from the mother to the paternal grandparents is now reversed and judgment here and now rendered reinstating the original order appointing the mother the managing conservator as set out in the original decree; the portion of the order directing the mother to contribute money to the support of the child is now vacated and set aside; the portion of the judgment awarding the mother attorney's fees is affirmed; all costs in all courts are adjudged against the father.

Reversed in part and judgment rendered; and, in part, the judgment is affirmed. It is so ordered.

CLAYTON, J., not participating.