Patricia Ann HOLLON, Appellant,

v.

Jasper Lee RETHABER, Appellee.

No. 16778.

Court of Appeals of Texas,
San Antonio.

Dec. 15, 1982.

Eugene D. Stewart, Petry & Petry, Carrizo Springs, for appellant.

F. Terry Callahan, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an appeal from an order denying a motion to modify the managing conservatorship of two minor children.

The parties herein were divorced on May 9, 1978, and the trial court entered its decree awarding managing conservatorship to appellee. Appellant filed her amended motion to modify on February 25, 1980, alleging that a material change of circumstances had occurred since the entry of the divorce decree and that continuation of the managing conservatorship as it then existed would be injurious to the children. The jury found that circumstances in the instant case had not so materially changed that the retention of the children's father as their managing conservator would be injurious to their welfare. Accordingly, the trial court denied the motion to modify.

In her first point of error, appellant maintains that the trial court erred in admitting testimony concerning acts of appellant which allegedly occurred prior to the original divorce decree. The testimony of which appellant complains related to her use of a mannequin with a wig to discipline and intimidate the children. The mannequin was known by the children as "Ugly Face" and appellant argues that since use of this device only occurred prior to the divorce decree, it was improper to admit such testimony.

In *Wilson v. Elliott,* 96 Tex. 472, 73 S.W. 946 (1903); the Texas Supreme Court stated the rule regarding evidence of conduct prior to a divorce:

> ... [E]vidence of prior conduct of either party cannot be introduced except to corroborate some evidence of similar conduct ... since the original decree.

*See In re C.E.B.,* 604 S.W.2d 436 (Tex.Civ. App.—Amarillo 1980, no writ); *In re B.S.L.,* 579 S.W.2d 527 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); Tex.Fam.Code Ann. § 14.08 (Vernon Supp.1982). We will be guided thereby.

■ Appellant complains of six instances during the trial in which her activities prior to the divorce were mentioned: twice during appellee's direct testimony, twice during the testimony of Dr. Jack Farrell, a psychologist, and twice during final argument. Appellant failed, however, to object during jury argument to remarks of appellee's counsel regarding "Ugly Face," failed to object to the first instance during appellee's testimony concerning "Ugly Face," and failed to object promptly after Dr. Farrell first testified regarding the children's fear of the mannequin. Appellant may not, for the first time on appeal, urge alleged errors not raised at trial. *Del Monte Corp. v. Martin,* 574 S.W.2d 597 (Tex.Civ.App.—San Antonio 1978, no writ), *See also Miller v. Bock Laundry Machine Co.,* 568 S.W.2d 648 (Tex.1977) (dealing with failure to object at jury argument). Any such error occurring without objection was not preserved. We will therefore only consider the remaining testimony of appellee and Dr. Farrell of which appellant complains to determine whether the trial court erred in allowing testimony regarding appellant and her actions prior to her divorce.

■ The testimony of appellee to which appellant failed to object concerned the children's behavior after appellee obtained managing conservatorship over them *following the divorce.* He stated that the children suffered from nightmares and that his son uttered the words "Ugly Face" and "mean momma." Appellee further testified that *after* the children returned from visiting appellant in the summer of 1978, they had trouble sleeping and again expressed fear of "Ugly Face." Appellee stated that the children would run through the house and tremble whenever the term in question was mentioned. Although this was not direct testimony of appellant's pre-divorce actions, the trial court acted to protect appellant's rights in this regard.

The trial court's concern for adhering to the rule set down in *Wilson v. Elliott, supra,* is demonstrated as follows:

> THE COURT: All right. That is the extent which you will be allowed to tell the jury concerning ugly face, [sic] what ugly face is. You will not be able

to testify to any of the alleged acts of Mrs. Hollon concerning going outside, because all of that happened prior to this.

After a discussion outside the presence of the jury, the trial court ruled:

THE COURT: Let's go back on the record. Outside of the presence of the jury, I am ruling I am not going to allow the Respondent to go behind the date of the divorce on ugly face.

The trial judge later added:

THE COURT: Here's the ruling of the Court. I do think the jury has the right to know what ugly face is, to the extent that it is a wig on a mannequin. The alleged actions of Mrs. Hollon that happened prior to the divorce will not be allowed in. Do you understand the restriction?

MR. CALLAHAN: Yes, sir. My client—I guess Mr. Rethaber should be the one who should be explained to—

Appellee then testified as to what "Ugly Face" meant, stating that it was an old wig sitting on a styrofoam mannequin. In view of the frequent reference to the term "Ugly Face," we do not believe that this isolated instance, in which appellee only defined the term in question for the jury, constituted harmful error.

■ Dr. Jack Farrell testified that he initially examined the two children in August of 1979 and re-examined the boys on several other occasions. During the testimony regarding his evaluation of the children, Dr. Farrell said that the boys articulated a fear of being frightened by a face, particularly at night. At this point the trial judge, again obviously not wanting to go behind the divorce decree, restricted the testimony. All of Dr. Farrell's testimony which was admitted related to the children's mental and emotional condition as it existed at times subsequent to visits with appellant. Such visits occurred after the divorce decree was entered. At no time during this testimony did Dr. Farrell refer to acts by appellant prior to the divorce decree.

For all of the aforementioned reasons, we hold that the trial court did not err reversibly by admitting testimony about appellant's pre-divorce behavior. Point of error number one is therefore overruled.

■ In her second point, appellant claims the trial court erred in improperly granting appellee's motion in limine and in refusing to allow appellant to question appellee's new wife, Berath Rethaber, regarding certain events in her past. The excluded testimony, set out in appellant's bill of exception, dealt with Berath's decision to leave school at age sixteen, her subsequent employment as an exotic dancer at age eighteen, and her giving birth to an illegitimate child at age nineteen. Berath was age thirty-two at the time of the proceeding below. During the testimony made part of the bill of exceptions, appellant failed to introduce evidence of any recent acts similar to the supposed indiscretions which had occurred fourteen years before. Nothing in the record indicates that Berath had improperly influenced the children in any fashion.

"[I]t is well settled that in child custody matters the trial court has a wide latitude of discretion in considering testimony and evidence, ... which assists the court in deciding what conditions are detrimental or advantageous to the children for the purpose of deciding who should have custody of them." *Brown v. Brown*, 500 S.W.2d 210, 213–14 (Tex.Civ.App.—Texarkana 1973, no writ). The trial court's decision to exclude this testimony was both proper and wise. Finding no abuse of discretion, we overrule ground of error number two.

Appellee has raised one cross-point pursuant to Tex.R.Civ.P. 420. Appellee contends that the trial court erred in denying appellee the attorney's fee of $9,350.00 awarded by the jury. The trial court declined to award attorney's fees to either side.

At the time of the trial the Texas Family Code provided,

In any proceeding under this subtitle, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who

may enforce the order for fees in his own name.

Tex.Fam.Code Ann. § 11.18(a) (Vernon 1975).

■ The awarding of attorney's fees in an action to change managing conservatorship, and in other actions arising under the Texas Family Code, is within the sound discretion of the trial court. *Neal v. Neal,* 606 S.W.2d 729 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.); *Reyna v. Reyna,* 584 S.W.2d 926 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Derbonne v. Derbonne,* 555 S.W.2d 507 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd). Absent a showing of an abuse of that discretion, the judgment of the trial court will not be disturbed on appeal. *Fowler v. Stone,* 600 S.W.2d 351 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Warner v. Warner,* 615 S.W.2d 904 (Tex.Civ.App.—Fort Worth 1981, no writ). Section 11.-18(a), which authorizes an award of attorney's fees in suits involving the parent-child relationship, is permissive only and does not require that such fees be awarded nor taxed as costs. *Drexel v. McCutcheon,* 604 S.W.2d 430 (Tex.Civ.App.—Waco 1980, no writ). Finding no abuse of discretion, we overrule appellee's cross-point.

The judgment is affirmed.