

# NUMBER 13-13-00560-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHARLES DERRON CLEMENTS,                                     **Appellant,**

**v.**

RACHEL KELLY JENKINS CLEMENTS,                           **Appellee.**

## On appeal from the 377th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

This is an appeal from an award of attorney's fees assessed against appellant

Charles Derron Clements ("Charles") in favor of appellee Rachel Kelly Jenkins Clements

("Rachel").[1]   By one issue, Charles asserts that the trial court erred by awarding Rachel

---

[1] We note that the record contains different variations of appellee's name.   However, we will refer

attorney's fees because it is prohibited by the parties' mediated settlement agreement. We affirm.

## I. BACKGROUND

Charles and Rachel were married on September 28, 1990 and filed for divorce on April 1, 2013 in Victoria County. Prior to filing for divorce, Charles and Rachel entered into a mediated settlement agreement ("MSA") related to their marriage. *See* TEX. FAM. CODE ANN. § 6.602 (West, Westlaw through 2013 3d C.S.). The MSA contained several terms of the divorce, including, *inter alia*, conservatorship of Charles and Rachel's two children, child support orders, and division of the marital estate. The MSA also stated that "each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case."

On June 25, 2013, the trial court held a hearing to finalize Charles and Rachel's divorce and adopt the MSA into a final judgment. *See id.* § 6.602(c). After taking testimony and arguments from both parties,[2] the trial court found that grounds for divorce exist and granted divorce on the pleaded grounds. The trial court further found that the MSA's terms regarding conservatorship of the couple's two children were in the children's best interest and would be incorporated into the judgment. The trial court also denied Rachel's request for attorney's fees pursuant to what Rachel's counsel labeled as Charles's "delay in the proceedings" of an "already settled case." In its denial, the trial court stated the following:

> I understand your client's wishes and I'm not unsympathetic but I think that

to appellee as "Rachel Kelly Jenkins Clements," as stated in the trial court's order on appeal.

[2] Charles acted pro se in the proceedings before the trial court and continues to act pro se on appeal. Rachel was represented by counsel before the trial court as well as on appeal.

2

I am bound under the circumstances of the mediated settlement agreement that I cannot grant that relief. And the fact of the matter is that I understand that there are delays and that there are squabbles and scuffles that go on in regard to these things and your whole purpose in entering into a mediated settlement agreement was to try to avoid that. I get it.

But what you are asking me to do is to render judgment based upon that mediated settlement agreement and I don't believe that I have authority to go outside of that. If there were provisions in the mediated settlement agreement that would allow me to do that in the event for instance if there was—were provisions that said, for example, in the event either party resists entry of judgment based upon this mediated settlement agreement then the Court shall have the authority to assess reasonable and necessary attorney's fees in obtaining the judgment, I would be inclined to do that.

Accordingly, the trial court denied Rachel's request for attorney's fees and orally rendered judgment on the mediated settlement agreement. The trial court further instructed Rachel's counsel to later present to the trial court a separate "decree of divorce that encompasses the mediated settlement agreement. . . ."

At a hearing on August 30, 2013, Rachel's counsel presented a motion for entry of judgment of the final divorce decree incorporating the MSA. Also attached to this motion was a request for an award of attorney's fees incident to the motion for entry of judgment. Rachel's counsel testified that her client incurred reasonable and necessary attorney's fees in the amount of $2,000 caused by Charles's delay in signing the final divorce decree, which also created a delay in the sale of a home. Charles was not present at this hearing. The trial court signed the final divorce decree and granted Rachel's request and awarded $2,000 in reasonable and necessary attorney's fees related to "her pursuit of entry of final judgment in this case." A written order awarding Rachel $2,000 in reasonable and necessary attorney's fees was signed by the trial court on September 10,

2013.   This appeal followed.[3]

## II.   AWARD OF ATTORNEY'S FEES

By his sole issue, Charles contends that the trial court erred by awarding attorney's fees to Rachel because such fees were prohibited under the MSA.

Although there is no statute specifically authorizing an award of attorney's fees in a divorce proceeding, the trial court may within its sound discretion award attorney's fees. *Mandell v. Mandell*, 310 S.W.3d 531, 541 (Tex. App.—Fort Worth 2010, pet. denied). The trial court's discretion in awarding attorney's fees in a divorce action is part of the trial court's equitable power as a part of the just and right division of the marital estate.   *Id.* In other words, the fee of an attorney is but another element of the trial court to consider in dividing the marital estate.   *Id.* (citing *Hopkins v. Hopkins*, 540 S.W.2d 783, 788 (Tex. Civ. App.—Corpus Christi 1976, no writ)).

In this case, however, the division of Charles and Rachel's marital estate was settled by the MSA.   Furthermore, the MSA stated that "each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case."   An MSA is a written contract that is binding and a party to one is entitled to judgment based on the agreement.   *See Wright v. Wright*, 280 S.W.3d 901, 915 (Tex. App.—Eastland 2009, no pet.); *Cayan v. Cayan*, 38 S.W.3d 161, 165 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *see also* TEX. FAM. CODE ANN. § 6.602. Therefore, Charles is correct that the trial court may not award attorney's fees as it relates to the divorce because the MSA prohibits such an award.   Additionally, it appears from

---

[3] Rachel has not filed a brief to assist us in the resolution of this appeal.

4

the record that the trial court was aware of this prohibition because it denied Rachel's request for attorney's fees at the June 25 hearing based on those exact grounds.

The trial court's award of attorney's fees on August 30, however, was not related to the substance of the MSA or the division of the marital estate. Instead, the award related to Charles's actions in delaying the signing of the final divorce decree, which negatively affected Rachel's "pursuit of entry of final judgment in this case." According to Rachel's counsel's testimony, Charles's actions in delaying the entry of final judgment affected the closing of a home sale. Rachel's counsel also labeled Charles's actions prior to the motion for entry of judgment hearing "delay tactics" that resulted in Rachel incurring further attorney's fees of $2,000.

Thus, we treat the trial court's award for attorney's fees in this case as a sanction, or a tool of discipline, within the trial court's inherent powers. *See In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (orig. proceeding) ("Courts possess inherent power to discipline attorney's behavior."); *see also Kutch v. Del Mar College*, 831 S.W.2d 506, 509 (Tex. App.—Corpus Christi 1992, no writ) (holding that Texas courts have inherent power to sanction for bad faith conduct during litigation). This inherent power may be used by a court in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 399 (Tex. 1979). A trial court's inherent power to sanction, however, is limited by the due process clause of the United States Constitution. *In re Bennett*, 960 S.W.2d at 40. The sanction must be just and not excessive, and directed against the abusive conduct with an eye toward remedying the prejudice caused to the innocent party, and the sanction must be visited upon the true offender. *See Nath v. Tex.*

5

*Children's Hosp.*, 446 S.W.3d 355, 366 (Tex. 2014); *TransAm. Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

Here, on June 25, 2013, the trial court orally rendered judgment granting Charles and Rachel's divorce and incorporated the MSA into its judgment. Despite the trial court's oral pronouncement of judgment making the divorce final and incorporating the MSA, the trial court further sought a final written divorce decree that encompassed the mediated settlement agreement for entry by the trial court. *See In re Marriage of Joyner*, 196 S.W.3d 883, 886 (Tex. App.—Texarkana 2006, pet. denied) ("Once a judgment is rendered by oral pronouncement, the entry of a written judgment is purely a ministerial act."). According to Rachel's counsel, however, Charles "continued to create delay" in getting the judgment entered and signed, thereby affecting Rachel's "closing on a house," which Charles was aware of, and additionally causing Rachel to incur further legal fees. Charles did not attend the hearing on the entry of judgment nor did he contest Rachel's request for attorney's fees. Furthermore, we find nothing in the record to indicate any violation of due process.[4] *See In re Bennett*, 960 S.W.2d at 40.[5] Finally, based on the record, the $2,000 award for attorney's fees was just and not excessive because Rachel's counsel testified that the $2,000 in fees correlated to her work on getting the divorce decree entered.

---

[4] The reporter's record from the August 30 hearing indicates that Rachel's request to award attorney's fees was included in her motion for entry of judgment. Additionally, Charles's briefing does not complain on appeal about a lack of notice, or otherwise, but focuses solely on why the MSA prohibits the award of attorney's fees in this case.

[5] Although Charles acted pro se throughout these proceedings, we note that pro se litigants are held to the same standards as licensed attorneys. *See Sweed v. City of El Paso,* 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.); *Strange v. Continental Cas. Co.,* 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied).

Accordingly, we hold that the trial court properly exercised its inherent power to award Rachel $2,000 in attorney's fees in the further administration of justice caused by Charles's behavior in delaying the final entry of the divorce decree in this case. *See In re Bennett*, 960 S.W.2d at 40; *Eichelberger*, 582 S.W.2d at 399. We overrule Charles's sole issue on appeal.[6]

### III. CONCLUSION

We affirm the trial court's order awarding attorney's fees.

GINA M. BENAVIDES,
Justice

Delivered and filed the
4th day of June, 2015.

---

[6] Because our scope of review in this appeal is limited to the trial court's award of attorney's fees in Rachel's favor, we decline to address Charles's ancillary arguments not made to the trial court, but urged on appeal, that he is entitled to "unreimbursed expenses totaling $425" and "unreimbursed attorney fees/expenses totaling $1,000." *See* TEX. R. APP. P. 47.1.

7