Grace KLEMENT, Appellant,

v.

Susan J. MUNDER, Guardian ad Litem for Minor Child, Corinna Klement; Karl W. Klement and Gerwine Franke Klement; Texas Department of Human Resources, Appellees.

No. 7025.

Court of Civil Appeals of Texas, El Paso.

June 30, 1981.

Marshall I. Yaker, El Paso, for appellant.

Susan J. Munder, El Paso Legal Assistance Soc., Albert Armendariz, Jr., Albert Biel, Asst. County Atty. for Texas Dept. of Human Resources, El Paso, for appellee.

## OPINION

PER CURIAM.

In this case, the Appellant presents a limited appeal in which the only complaint is that the trial Court erred in taxing one-half the costs, including an ad litem fee, against the Appellant, who was an Intervenor in the trial Court. We reverse and render in part and affirm in part.

Suit was filed by the Texas Department of Human Resources to remove two minor children from the home of the father, Dr. Karl W. Klement. The Court entered its Order for Protection of Child in Emergency and placed the children with the Department of Human Resources. The Court appointed Susan Munder, an attorney, as "Guardian ad litem." The suit was amended to be one affecting the parent-child relationship. Both the mother, a resident of West Berlin, Germany, and the father filed pleadings seeking to be named managing conservator. The Appellant, Grace Klement, who was married to the father of the children from 1970 to 1977, and their stepmother, filed a motion in intervention asking to be named managing conservator of the youngest girl and alleging that the oldest girl was eighteen years old and no longer a party to the litigation. Both parents joined in a responsive pleading in which they alleged that Grace Klement was not a fit and proper person to be appointed managing conservator and asked that she be denied all relief sought in her pleading. The parents then filed a counter-claim asking that the mother be appointed temporary managing conservator.

Upon a trial of the case, the jury found that it would be in the best interests of the child to name the Department of Human Resources as managing conservator. A judgment was entered based upon the verdict. In that judgment, the Court awarded Susan Munder, "attorney ad litem," $1,780.00 in attorney's fees for legal services rendered. The judgment ordered the Intervenor, Grace Klement, to pay $890.00 of such fee and the Texas Department of Human Resources to pay $890.00 of such fee. The costs were also adjudged one-half against each of these same parties.

The Appellant's single point of error asserts the trial Court abused its discretion in ordering Intervenor to pay one-half of the costs and one-half of the ad litem fee.

Section 11.10(e) of the Texas Family Code (Supp.1980–81), provides:

An attorney appointed to represent a child as authorized by this section is entitled to a reasonable fee in the amount set by the court which is to be paid by the parents of the child unless the parents are indigent.

In this case, the Court did not find that the parents are indigent, and the record before this Court indicates that they are not. In fact, the report filed with the Court by the guardian ad litem represented they were "an upper middle class family, with a nice home and apparently lacking nothing in the realm of material well being."

Unless the parents are indigents, the Court has no discretion as to who shall pay the attorney's fee for one appointed to represent a child. Therefore, it was error to order the Appellant to pay one-half of such fee. The entire fee should have been taxed to the parents, but, since the Department of Human Resources did not appeal, the judgment has become final as to that party. As to the Appellant, Grace Klement, the judgment is reversed and judgment rendered ordering the mother, Gerwine Klement, and the father, Karl W. Klement, to pay $890.00 in attorney's fees for the guardian ad litem. We find no error in ordering the Appellant to pay one-half of the costs.

Appellant's Point of Error I is sustained as to the one-half of the attorney's fee. The judgment of the trial Court is reversed

and rendered as to the attorney's fee and affirmed as to the court costs.