**Patricia Ann COCHRANE, Appellant,**

v.

**HOMES OF ST. MARK, et al, Appellee.**

No. A14–84–441CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 17, 1985.

James T. Lombardino, Houston, for appellant.

Donald R. Royall, Royall & Kee, Mark Vela, Vela & Prashner, Edward Lindsay, Warren Cole, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and CANNON, JJ.

## OPINION

ELLIS, Justice.

This appeal involves a dispute over attorneys' fees and costs in a suit affecting the parent-child relationship. Appellant, in two points of error, attacks the judgment of the trial court ordering her to pay one-fourth (¼) of the guardian and attorney ad litem fees in this case and for not granting her recovery from Appellees of her attorney's fees. We affirm.

On November 24, 1981, Appellant, Patricia Ann Cochrane, gave birth to a baby girl. Appellant was not married. The baby girl was born with medical problems.

Ten days after the child was born, Appellant executed an Affidavit of Relinquishment of Parental Rights, in favor of Appellee, Homes of Saint Mark, an adoption agency. The child's natural father, Gary Nielsen, filed a waiver of interest. One month later, Appellant sought to revoke her previously executed Relinquishment of Parental Rights. The baby was still in the hospital and Appellant sought to have the baby returned to her.

Appellee, Homes of Saint Mark, refused to return the child to Appellant. In January 1982, Homes of Saint Mark filed in the court below for Termination of Appellant's parental rights. A guardian ad litem was appointed by the court to represent the interests of the child. When the child was about four (4) months old, she was placed in the care of Appellees, James and Peggy Fore.

On September 12, 1983, James and Peggy Fore filed a petition for termination of parental rights and for adoption of the child. The Fore's action was consolidated with the earlier action filed by the Homes of Saint Mark. By this time, Nielsen had already filed a motion to rescind his waiver of interest and also filed a petition to adopt the child. Later, a petition to voluntarily legitimatize the child was filed by Nielsen's attorney. On October 4, 1983, an attorney ad litem was appointed by the court to represent the child.

The case proceeded to trial on April 9, 1984. Following an eight day trial, the jury found in part that the Homes of Saint Mark caused duress to be applied upon, and executed undue influence over, Patricia Ann Cochrane which caused her to execute the Affidavit of Relinquishment of Parental Rights. On April 23, 1984, the trial judge had a hearing on the issue of attorney's fees and costs. By agreement of the parties, the issue was submitted to the court. The court heard evidence on the attorney's fees and costs of Appellant along with the guardian and attorney ad litem. The trial court ordered that the Appellant, Nielsen, Homes of Saint Mark, and James and Peggy Fore each pay one-fourth (¼) of the attorney and guardian ad litem fees. The trial court ordered that each party was responsible for their own attorney's fees and court costs.

On May 24, 1984, Appellant filed with the trial court a notice of limitation of appeal. In that notice, Appellant stated that the scope of the appeal would be limited to the "portion of the trial relating to attorneys fees, ad litem fees and costs." Appellant requested a statement of facts limited to the testimony presented at the April 23rd hearing. The request for preparation of the statement of facts does not include a statement of the points of error to be relied upon.

■ The first point of error is that "the trial court erred in assessing a portion of the fees of the guardian ad litem and attorney ad litem and other costs" against Appellant. Appellant has not questioned the amount or reasonableness of the ad litem fees. Appellant's complaint is limited solely to the fact that one-fourth (¼) of those fees were assessed against her.

Appellant argues that under the Family Code and Rules of Civil Procedure, the trial court erred in assessing costs against her. The Family Code provides in part that in any suit affecting the parent child relationship "... the court may award costs." TEX.FAM.CODE ANN. § 11.18(a) (Vernon Supp.1984). That provision of the Family Code continues, providing that "[r]easona-

ble attorney's fees may be taxed as costs...." Appellant then turns to the provisions of the Rules of Civil Procedure concerning the award of costs. Rule 131 provides:

> The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.

TEX.R.CIV.P. 131. Appellant argues that the trial court erred in assessing part of the ad litem fees against her because such fees are costs, she was a successful party, and a successful party is to recover all costs incurred. Appellant acknowledges that under TEX.R.CIV.P. 141, the trial court may, for good cause stated in the record, adjudge the costs differently. Appellant argues that no such good cause appears in the record.

Appellant's argument would be more persuasive if there was not a specific section of the Family Code which dealt with the payment of ad litem fees. Section 11.-10(e) provides in part that: "[a]n attorney appointed to represent a child ... is entitled to a reasonable fee in the amount set by the court *which is to be paid by the parents of the child unless the parents are indigent* (emphasis added)." TEX. FAM.CODE ANN. § 11.10(e) (Vernon Supp.1984). Under section 11.10(e), the trial court has no discretion as to who shall pay ad litem fees. Such fees are to be paid by the child's parents. *See Klement v. Munder,* 619 S.W.2d 31 (Tex.Civ.App.—El Paso 1981, no writ). We cannot say that the trial court by ordering Appellant to pay one-fourth of the ad litem fees has committed error. Although Appellant in the first point of error complains that both the ad litem fees and other costs were erroneously assessed against her, Appellant's discussion under that point deals only with the ad litem fees. Therefore, we do not review the trial court's award of the "other costs." Point of error one is overruled.

■ Point of error two is that "the trial court erred in failing to award reasonable and necessary attorneys' fees in favor of Patricia Ann Cochrane and against Homes of Saint Mark and James and Peggy Fore." Appellant argues that under section 11.-18(a) of the Family Code and Rule 131 of the Rules of Civil Procedure, the successful party is entitled to recover attorney's fees.

TEX.FAM.Code § 11.18(a) gives the trial court, in a suit affecting the parent-child relationship, authority to assess attorney's fees. That section does not compel the award of attorney's fees. It expressly provides: "[r]easonable attorney's fees *may* be taxed as costs ... (emphasis added)." Appellant relies heavily on *In the Interest of T.L.H.,* 630 S.W.2d 441 (Tex.App.—Corpus Christi 1982, writ dism'd). That opinion provided that:

> When Section 11.18(a) of the Texas Family Code and Rule 131, T.R.C.P., are considered together, the successful party, in cases similar to the case now before this Court, is entitled to recover reasonable attorney's fees from the unsuccessful party, absent good cause for adjudging costs as permitted by Rule 141, T.R.C.P.

*Id.* at 449. Section § 11.18(a) as it existed at the time judgment was rendered in that case provided that "... the court may award costs as in other civil cases." Effective September 1, 1981, § 11.18(a) was amended to delete the phrase "as in other civil cases." The legislature, by amending § 11.18(a), has shown that the award of costs in a suit affecting the parent-child relationship is not controlled by the provisions of the Texas Rules of Civil Procedure.

■ A trial court's action in regard to the award of attorney's fees in a suit affecting the parent-child relationship is to be reviewed using an abuse of discretion standard. *Fowler v. Stone,* 600 S.W.2d 351 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Derbonne v. Derbonne,* 555 S.W.2d 507 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd). Appellant has failed to establish that the trial court abused its discretion by failing to award Appellant recovery of her attorney's fees against the Appellees. Point of error two is overruled.

The judgment is affirmed.