Louis A. MARICHAL, Appellant,

v.

Gloria Irma MARICHAL, Appellee.

No. B14–87–00668–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 9, 1989.

Dennis B. Kelly, Houston, for appellant.

J. Huey O'Toole, John Payne, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

OPINION ON REHEARING

PAUL PRESSLER, Justice.

Appellant was ordered to pay $15,800 in past-due child support and $18,000 of appellee's attorneys fees under a divorce decree. The court found that the decree lacked an order requiring such payments. We affirm as modified in part and reverse and remand in part for further proceedings consistent with this opinion.

Appellant and appellee were divorced on September 16, 1983. The decree stated:

The court is further of the opinion that the best interest of the minor children would be served if respondent, Louis A. Marichal, was ordered to pay the petitioner, Gloria Irma Marichal, for the use and benefit of the minor children of the parties, the sum of three thousand two hundred and fifty dollars ($3,250) per month, payable semi-monthly, ...

In February 1986 appellant filed a motion to modify and for reduction in child support. In August 1986 appellee filed a motion for contempt alleging appellant had failed to pay child support since April of 1986. Appellant was ordered to pay $4,375 and held in contempt. In December 1986 appellee again filed a motion for contempt. Appellant responded that the divorce decree was unenforceable by contempt or summary process because its wording lacked language mandating payment of child support. Appellee responded by fil-

ing a motion in Aid and Clarification of Judgment to insert such language into the decree. In April 1987 a trial was held to resolve the following issues: (1) child support; (2) visitation rights; (3) payment of attorney's fees; (4) appellee's motion for contempt; and (5) the motion to reduce unpaid child support to judgment.

Judgment was handed down May 15, 1987. It held the following: (1) appellant was not in contempt as a matter of law since the initial decree did not contain mandatory language; (2) appellee recovered unpaid child support of $15,800 from April 1, 1986; (3) appellee recovered $18,000 in attorney's fees from appellant and it was reduced to judgment; (4) the divorce decree was amended to contain mandatory language for the payment of child support.

■ Appellant's first point of error alleges that it was error to hold him liable for child support when the divorce decree failed to contain mandatory language for such payments. Two statutory methods are available to require payment of child support. The court may obligate payment of support by a court order. TEX.FAM.CODE ANN. 14.05(a) (Vernon 1986). Also, the parties may agree, in writing, as to support payments. TEX.FAM.CODE ANN. 14.06(a) (Vernon 1986). A finding was made that no contractual relationship or agreement existed between the parties. The May 1987 modification order held that the court ordered decree was unenforceable because it failed to order mandatory child support payments. Consequently, the 1983 decree was neither an agreement nor a court order to make child support payments. Accordingly, appellant was not held in contempt. The Trial Court, in its Conclusions of Law stated as follows.

"7. GLORIA IRMA MARICHAL is entitled to judgment against LOUIS A. MARICHAL for arrearages in child support as indicated in the findings of fact, notwithstanding the fact that the child support provisions in the decree in issue were unenforceable by contempt."

In *Howard v. Texas Department of Human Resources*, 677 S.W.2d 667 (Tex.App. —Dallas 1984, no writ) it was held, "If a determination of the arrearage is void for the purpose of contempt, it is also void for the purpose of a motion to reduce the arrearage to judgment." Absent a contractual relationship or an order by the court, the decree was unenforceable. An unenforceable decree does not create an obligation to make child support payments. Consequently, there was no arrearage because there was no obligation, court order or agreement, to make the payments.

In *Templet v. Templet,* 728 S.W.2d 844 (Tex.App.—Beaumont 1987, no writ) the court held that a trial court could not enter a judgment for past due child support when the order concerning it was ambiguous, indefinite or uncertain. Here the 1983 decree is certainly ambiguous, indefinite and uncertain. The uncertainty was the cause of this litigation. The Trial Court made a finding of no misunderstanding as to the support payments. In its conclusions of law the court stated as follows:

"11. There was and is, no ambiguity in the language in the decree dated September 16, 1983, pertaining to the payment of child support in the amount of $3,250.00 per month, and the amount, method of payment, time for payment, by whom the payments were to be made, and to whom the payments were to be made, are clear and subject to only one interpretation."

The 1983 decree was clear in that regard. However, explicably missing from the court's conclusion was the obligation to make the payments. The ambiguity, indefiniteness and uncertainty of the 1983 decree lies in its failure to order Louis A. Marichal to make child support payments after it recognized the need for such payments. Without the language ordering him to pay, the court is powerless to enforce the payments. Consequently, it was error for the trial court to reduce the arrearages to judgment both because there was no arrearage due to the 1983 decree's lack of language ordering him to pay and ambiguity as to its application. The judgment of the trial court is reversed. The second and third points of error are alter-

native arguments and, therefore, need not be addressed.

■ In his last point of error, appellant alleges that the trial court abused its discretion in awarding $18,000 in attorney's fees. Section 11.18 of the Texas Family Code provides as follows:

Proceedings under this subtitle (Subtitle A. The Parent/Child Relationship and the Suit Affecting the Parent/Child Relationship), including but not limited to, habeas corpus, enforcement and contempt proceedings, the court may award costs. Reasonable attorney's fees may be taxed as cost, and may be ordered paid directed to the attorney, who may enforce the order for fees in his own name. TEX.FAM.CODE ANN. sec. 11.18(a) (Vernon 1986).

The family courts of this state have been given enormous discretion in awarding costs and attorney's fees. However, such discretion is not unlimited. Here, the attorney's fees were found by the court to be approximately $21,000 for the appellant and $29,000 for the appellee. Each party requested that the trial court assess its fees against the other. Economy and efficiency can be disregarded when each party feels the other might be required to pay his expenses. The result can be exorbitant fees and expenses. Here the cost to obtain an order to decrease support was greater than the amount of the higher support payments. TEX. CONST. ART. 1 section 13 guarantees equal access to the courts. Excessive awards could effectively restrict access to our courts and limit their ability to dispense justice.

Appellant argues that only the successful party may recover expenses and costs citing Rule 131 of the Texas Rules of Civil Procedure which says: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX.R.CIV.P. 131 (Vernon 1987). In *Drexel v. McCutcheon*, 604 S.W.2d 430 (Tex.Civ.App.—Waco 1980, no writ) the court allowed the unsuccessful party to recover attorney's fees when the record established that the services of the attorney were necessary

and performed for the benefit of the child. The court further held that in divorce actions, attorney's fees may be awarded to the unsuccessful spouse when necessary under the "good faith" in "probable grounds" rule. This rule was established to protect and preserve the party and his estate when prosecuting or defending a divorce suit in good faith and with probable grounds. *Prewitt v. Prewitt*, 459 S.W.2d 720 (TEX.CIV.APP.—Tyler, 1970, no writ). The rationale for this position is that both parents are responsible for providing for the child's needs. Nowhere here is there any indication that the purpose of the attorneys fee award, was for the benefit of the minor children. The Rules of Civil Procedure provide that, "The court may, for good cause, *to be stated on the record*, adjudge the costs otherwise then as provided by law for these rules." TEX.R.CIV.P. 141 (Vernon 1987) [emphasis added]. The order failed to state any good cause, or rationale for this award. Most of the issues were agreed upon before the trial. Indications are that the issues upon which appellant sought modification were brought in good faith. In the absence of good cause on the record, we cannot speculate as to the court's rationale for granting attorney's fees to the appellee. Since there is no support in the record for such an award, we remand this matter for reconsideration.

■ In appellee's cross point, she alleges that the Trial Court erred in retroactively modifying the amount of child support due and owing. Two separate and distinct alterations were made to the 1983 decree by the court's judgment of May 1987. The language ordering him to pay was added. Also, a reduction was made in the amount of the support payments. The Motion in Aid and Clarification was filed February 27, 1987. The Motion for Reduction of Child Support was filed in February 14, 1986. TEX.FAM.CODE ANN. Sec. 14.41(d) states as follows;

"(d) Retroactive Modification. The court may not reduce or modify the amount of child support arrearages in rendering judgment under this section."

Thus the reduction could not have been applied retroactively to the amount already in arrears. However, the original order was not enforceable, and consequently, no support payments were in arrears. TEX. FAM.CODE ANN. Sec. 14.08(c)(2) states as follows:

"(c) After a hearing, the court may modify an order or portion of a decree that: (2) provides for the support of a child if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since its entry, *except that a support order may be modified only as to obligations accruing subsequent to the motion to modify; ...*" [emphasis added]

The reduction thus could have been applied retroactively to the date the Motion for Reduction was filed, February 1986. TEX. FAM.CODE ANN. Sec. 14.08(c)(2); *Casterline v. Burden,* 560 S.W.2d 499 (Tex.Civ.App.—Dallas, 1977, no writ); *Mendoza v. Mendoza,* 621 S.W.2d 420 (Tex.Civ.App.—San Antonio, 1981, no writ); *Edwards v. Edwards,* 624 S.W.2d 635 (Tex.App.—Houston [14th Dist.] 1981, no writ). The trial court failed to distinguish between the date the reduction was to apply and the date the language modification was to apply. The modification in language could have been made retroactive to the date the Motion in Aid and Clarification of Judgment was filed, or relate back to the date of the original decree by declaring the order Nunc Pro Tunc. Both modifications appear to have been made retroactive to February 27, 1987, the date the Motion in Aid and Clarification of Judgment was filed. In it's May 1987 judgment the court stated as follows:

The Court, after hearing full and satisfactory evidence and being of the opinion that the proof offered showed by a preponderance of the evidence that there has been a material and substantial change in circumstances under Texas Family Code sec. 14.08(e)(2) that warrants a modification of this Court's Divorce Decree dated September 16, 1983, and that the best interest of the two (2) minor children of the parties would be served if LOUIS A. MARICHAL was ordered to pay to GLORIA IRMA MARICHAL, for the use and benefit of the minor children of the parties, the sum of TWO THOUSAND FOUR HUNDRED AND NO/100 DOLLARS ($2,400.00), retroactive until February 12, 1987.

The judgment then proceeded to award child support back to April 1986, despite the decree's being unenforceable until February 27, 1987. Nothing in the court's 1987 judgment makes the added language Nunc Pro Tunc or retroactive to the original decree. To the contrary, the judgment makes the language retroactive only to February 12, 1987.[1] Therefore, both alterations to the 1983 decree must be considered modifications and the addition of the language ordering payment could have been made retroactive only from February 27, 1987, the date the motion to add the language was filed. The reduction could have been applied back to February 1986, although the support payments would have been unenforceable until the language ordering payment was added. If the court was not applying the modifications retroactively, then the appellee is not entitled to any support payments until the date the judgment modifying the 1983 decree was signed, which was May 15, 1987. It would be wise of appellee not to object to the retroactive modification for this reason. The judgment is reversed and rendered retroactive from February 27, 1987. Any action regarding child support, other than the payments which were made voluntarily, prior to February 27, 1987, is unenforceable.

The opinion of the trial court is affirmed as modified in part and reversed and remanded in part for proceedings consistent with this opinion.

---

1. The significance the trial court places upon this date is uncertain. There are neither pleadings filed on that date nor any other reference to February 12, 1987 in the record. Therefore, it is assumed that the intention was to apply the new decree retroactively to February 27 and the February 12 date was an oversight on the part of the trial court.