**Louis A. MARICHAL, Appellant,**

v.

**Gloria Irma MARICHAL, Appellee.**

**No. A14–91–01303–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 25, 1992.

Joseph G. Zarcaro, Houston, for appellant.

John G. Brock, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from the trial court's judgment awarding attorney's fees in the amount of $18,000 to appellee, Gloria Irma Marichal. This is the second appeal from this judgment. In the first appeal, this court remanded the case to the trial court to provide this court with the rationale for the attorney award to the nonprevailing party. *Marichal v. Marichal,* 768 S.W.2d 383, 385 (Tex.App.—Houston [14th Dist.] 1989, no writ). Subsequent to our opinion, a hearing was held and a judgment entered. We affirm.

In April of 1987, the trial court held a hearing on several matters: (1) child support; (2) visitation rights; (3) payment of attorney's fees; (4) appellee's motion for contempt; and (5) the motion to reduce unpaid child support to judgment. On May 15, 1987, the trial court handed down a judgment and held that (a) appellant was not in contempt as a matter of law since the initial decree did not contain mandatory language; (2) appellee recovered unpaid child support of $15,800 from April 1, 1986; (3) appellee recovered $18,000 in attorney's fees from appellant; (4) the divorce decree

was amended to contain mandatory language for the payment of child support; and (5) a reduction was made in the amount of child support from $3,250 to $2,400 per month. This court affirmed as modified, and reversed and rendered the judgment as to the arrearage retroactive from February 27, 1987. This court also remanded the matter of attorney's fees in order for the trial court to show good cause for the award. *Marichal,* 768 S.W.2d at 385. In compliance with this court's opinion, the trial court conducted a hearing and signed a judgment August 1, 1991 setting forth its reasons for awarding the attorney's fees to appellee, Gloria Marichal.

■■■ Appellant's contends in his sole point of error that the trial court abused its discretion in awarding $18,000 in attorney's fees in favor of appellee and against appellant. In the present case, we remanded to the trial court the issue of attorney's fees, because nowhere in the record did the court state the purpose of the attorney's fee award. Since appellee was not the successful party, the law indicates that the court is required to state on the record or in its judgment the good cause substantiating the award of attorney's fees to the nonprevailing party. *Marichal,* 768 S.W.2d at 385. Subsequent to our remand, the trial court conducted a hearing and entered a judgment describing the good cause it found for the award. The Texas Supreme Court has made clear that "good cause" is a very elusive concept which must be determined on a case by case basis. *Rogers v. Wallmart Stores, Inc.,* 686 S.W.2d 599, 601 (Tex.1985) (citation omitted). The appellate court will not disturb the trial court's assessment of costs for good cause unless the record demonstrates an abuse of discretion. *Id.*

■■■ Appellant argues that the trial court's rationale for awarding attorney's fees to appellee was insufficient. Specifically, appellant argues that the only two possible explanations the trial court provided, (1) the attorney's fees were incurred for the benefit of the children and (2) appellee had no money, were clearly inadequate reasons. We disagree. As we stated in our

prior opinion in this case, an unsuccessful party may be awarded reasonable attorney's fees when the record shows that the attorney's fees were necessary and were performed for the benefit of the child. *Marichal,* 768 S.W.2d at 385, (citing *Drexel v. McCutcheon,* 604 S.W.2d 430 (Tex.Civ. App.–Waco 1980, no writ). The trial court did discuss the two explanations appellant discusses, but the trial court did not stop there. The trial court reviewed the facts and described what prompted the judge to find good cause for the award. Of significance, the trial court noted that the children were not benefiting under the terms of the original 1983 divorce decree because it did not contain mandatory language for payments. Appellee's attorney sought, among other things, to have mandatory order language requiring appellant to pay child support. The trial court stated "there is no way that that could do anything but benefit the child." The court also stated that the attorney's fees in relation to appellee's defense against appellant's motion to reduce child support from $3,240 to $500 per month was for the benefit of the children. The trial judge stated he did not recall any credible testimony that the child support was strictly for appellee or being squandered. As he recalled the testimony, the children were receiving the benefit. The trial court went on to clarify at the hearing that of the $29,880.93 in attorney's fees appellee asked for, he only awarded $18,000, because that was strictly in relation to the child support issue, and, therefore, was for the benefit of the children. We find that the trial court stated sufficient good cause on the record to adjudge the attorney's fees against appellant. Appellant's point of error one is overruled.

Appellee brings two cross-points. In appellee's first cross-point, she asserts that she should be awarded damages under Tex.R.App.P. 84, because this appeal was taken for delay and without sufficient cause. Appellee argues that it was so improbable that a favorable ruling would result that the appeal must have been taken for delay. Although we agree that appellant's position was not very strong, we disagree that it was without sufficient cause. Especially since good cause is such an elusive concept that must be determined on a case by case basis. *See Rogers,* 686 S.W.2d at 601. Appellee's first cross-point is overruled.

In appellee's second cross-point, appellee argues that this appeal should be dismissed or affirmed without examining the record because appellant filed his brief one day late. Appellant requested and received an extension of time to file his brief until March 2, 1992 at 12:00 noon, but did not file his brief until March 3, 1992. March 2 was a state holiday and this court was closed on that date. Tex.Rev.Civ.Stat. Ann. art. 4592 (Vernon 1976). As a result, this court could not have received appellant's brief by noon on March 2, 1992. Tex.R.Civ.P. 4 provides "[i]n computing any period of time ... by order of court ... the day of the act ... after which the designated period of time begins to run is not included. The last day of the period so computed is to be included, unless it is a ... *legal holiday,* in which event the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday." Since appellant did not file his brief untimely, this court does not need to consider the relief appellee requests pursuant to Tex. R.App.P. 74(*l*)(1) and (m). Also, even if the brief was filed one day late, we do not find under the discretion granted this court under Tex.R.App.P. 74 that dismissal or affirmance without examining the record is necessitated. Appellee's second cross-point is overruled.

Accordingly, the judgment of the trial court is affirmed.