TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00395-CV






Javier Jaime Campos, Appellant



v.



Celina Estrada Russell, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 95-1261-F26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING






 Javier Jaime Campos challenges a judgment for $15,498 in past-due child support
payable to Celina Estrada Russell. By five points of error, he contends that the district court abused
its discretion in enforcing the divorce decree because the motion to enforce was deficient and the
decree itself was vague, ambiguous, and lacked mandatory enforceable language. We will affirm
the judgment.

 The parties, parents of three children, were divorced May 8, 1990. Russell was
named managing conservator of the children. The decree imposed the following obligations on
Campos regarding the children's medical needs:


 IT IS ORDERED that Respondent JAIME JAVIER CAMPOS shall purchase and
maintain medical and hospitalization insurance to cover the medical and hospital
expenses of the children until each said child reaches the age of eighteen (18) years
or is otherwise emancipated. Any medical or hospital expenses or costs beyond those
covered by insurance shall be paid by Petitioner, 50%, and by Respondent, 50%. 


 On November 4, 1998, Russell filed a pleading entitled "Motion for Enforcement and
Contempt, Motion to Enforce Child Support to Confirm Arrearage and Render Judgment and Order
to Appear." After a hearing, the district court awarded Russell $15,498 in arrearages. In its findings
of fact and conclusions of law, the court found clear and convincing evidence that Campos failed to
comply with the decree's requirements that he maintain health insurance and that he pay half of the
children's medical and hospitalization expenses not paid by the insurance. Though the court stated
at a telephone conference that it intended to find Campos in contempt, sentence him to jail, and
probate the sentence, the written judgment contains no finding of contempt or order of incarceration;
instead, the court in a Mother Hubbard clause denied the request for contempt along with all other
relief not granted.

 In all five points of error, Campos contends that the district court abused its
discretion. A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner
or without reference to any guiding rules or principles. See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). This Court may not reverse for abuse of discretion merely
because we disagree with the decision of the trial court. See id. at 242.

 By his first point of error, Campos contends that the district court abused its discretion
by hearing a motion for enforcement that violated the following subsections of Texas Family Code
section 157.002: (a)(2), (b)(1), and (b)(2). Subsection (b)(2) applies only to motions for contempt;
because the district court declined to hold Campos in contempt, any errors relating to subsection
(b)(2) were harmless. Subsection (a)(2) requires that a motion for enforcement must state the
manner of the respondent's alleged non-compliance. Subsection (b)(1) requires that a motion for
enforcement of child support include the amount owed, the amount paid, and the amount of
arrearage. Campos contends that Russell's pleadings failed to meet the requirements of subsections
(a)(2) and (b)(1). He asserts on appeal errors or omissions in pleading, but he did not point these out
in writing in the trial court as required by Texas Rule of Civil Procedure 90. In child-support
enforcement proceedings, as in other civil proceedings, special exceptions must be made in the
district court to allow the movant the chance to replead. See Tex. Fam. Code Ann. § 157.064 (West
1996). The failure of the non-pleading party to specially except to pleading errors bars the non-pleading party from seeking reversal based on the alleged pleading errors. See Tex. R. Civ. P. 90. 
By failing to file special exceptions, Campos waived his right to complain of the alleged pleading
deficiencies. We find no abuse of discretion and overrule point one.

 By point of error two, Campos complains that the district court erred by finding that
it could award arrearages because the decree lacked the language necessary to make its orders
enforceable. He does not challenge on appeal the evidence supporting his failure to maintain health
insurance or pay for medical expenses. Campos complains that the decree does not mandate
payment of non-covered medical and hospital expenses, does not state to whom he must make
payments, does not state how he must make the payments, is silent as to Russell's duty to submit
bills timely, and does not state what Russell can do if Campos lets insurance lapse or changes jobs
during the children's minority. Campos cites to Ex parte Slavin, which concerns the specificity
necessary for enforcement by contempt, but Slavin does not apply to the relief granted Russell. See
412 S.W.2d 43 (Tex. 1967). Campos further relies on Marichal v. Marichal, in which the trial
court's decree contained the following language:


 The court is further of the opinion that the best interest of the minor children would
be served if respondent, Louis A. Marichal, was ordered to pay the petitioner, Gloria
Irma Marichal, for the use and benefit of the minor children of the parties, the sum
of three thousand two hundred and fifty dollars ($3,250) per month, payable
semi-monthly.


768 S.W.2d 383, 383 (Tex. App.--Houston [14th Dist.] 1989, no writ). Because this language did
not order Marichal to make those payments, the appellate court held that no payments were due, no
arrearages accrued, and no enforcement was possible. Id. at 384.

 We do not find the decree in this case deficient as Campos alleges. The decree
unequivocally states that Campos "shall purchase and maintain medical and hospitalization
insurance" and that "[a]ny medical or hospital expenses or costs beyond those covered by insurance
shall be paid by Petitioner, 50%, and by Respondent, 50%." The evidence reflects that for specified
periods of time he did not do so and that Russell bore these expenses. The asserted deficiencies in
the mechanics of payment (whom and how he pays) in the divorce decree are not ambiguities, but
permit the flexibility necessary to account for the myriad possibilities of who incurs the expenses
(Russell or Campos) and whether both spouses are alerted of the expense in time to pay their shares
directly to the provider. As for the absence of a deadline for Russell to submit bills, we do not find
that to be an ambiguity. When Russell pays the full amount of expenditures necessary to maintain
their children's health, she is entitled to collect from Campos his share of that burden by reimbursing
her for half the amount. As to what Russell can do if Campos lets the insurance lapse or changes
jobs during the children's minority, her voluntary arrangement with Campos that she would supply
the insurance in exchange for reimbursement rather than forcing him to obtain insurance on the open
market embodies one of her options, a choice she exercised for six years even when he defaulted on
his obligation; the filing of this motion embodies another of her options. We hold that the criticized
language can support an award to Russell of arrearages. Finding no abuse of discretion, we overrule
point two.

 By point of error four, Campos contends that the district court abused its discretion
by enforcing the ambiguous medical expenses provision of the decree. He contends that, because
the decree does not include to whom he must pay his share, the provision is vague, indefinite, and
unenforceable; he argues that enforcing it is therefore an abuse of discretion. We disagree. Campos
must pay his half of the medical expenses obligation. If Russell pays the provider, as the proof
reflects, he must reimburse her. The silence regarding means and timing of payment does not in any
way alter his obligation as between the two parents to pay half the expenses not covered by
insurance. We find no abuse of discretion and overrule point four.

 By point of error three, Campos contends that the district court abused its discretion
by finding sufficient evidence to support a lump-sum payment to satisfy the motion to enforce the
decree. Russell introduced evidence that Campos owed $15,490--$3598 for unreimbursed insurance
expenses and $11,900 for Campos's unpaid half of the children's medical expenses. Campos
contends that the overall figure is erroneously inflated by the failure to include offsets of $5,091.89
and $3,764.30 for payments he made.

 The decree required Campos to maintain health insurance for the children. When he
ceased working for the Brownsville Police Department, he ceased to have insurance through his
employer. Rather than demand that Campos buy a policy independently, Russell added the children
to her insurance policy at an additional monthly cost to her of $120.69. Because she was bearing
Campos's obligation, she sought reimbursement from him for these added expenses from January
1993, when she contended Campos stopped supplying insurance, until January 1999, when she
learned that Campos had resumed supplying health insurance for the children. Russell calculated
that she paid an extra $8690 to carry the children on her insurance ($120.69 per month for seventy-two months). She credited Campos for paying $5092 from 1993 through 1998, leaving a total
insurance reimbursement deficit of $3598.

 The credit just described plainly defeats Campos's contention that he was not credited
with an offset for the payments he made from 1993 through 1998.

 Campos's claim for a $3,764.30 offset also fails. This amount represents insurance
reimbursement payments he made between 1993 and 1995 that he contends he did not owe because
he provided insurance through his employment with the Brownsville Police Department through
1995. Though Campos testified under examination by his attorney that he provided insurance
through BPD until 1995, he testified under examination by Russell's attorney that he could not
remember when he stopped working for BPD and had no basis on which to challenge Russell's
recollection that he stopped providing insurance in 1992. The district court, faced with conflicting
testimony from the same witness, chose to accept the latter version; we cannot say it erred by doing
so and certainly cannot find that it abused its discretion by doing so. Russell and the court included
the $3764.30 in payments he made from 1993 through 1995 as part of the $5092 offset against his
total insurance reimbursement obligation. The court credited him for all of his insurance
reimbursement payments that were in evidence.

 Campos does not challenge the evidentiary underpinnings for the remaining $11,900
of the judgment that arises from his half of the children's medical expenses not covered by
insurance. He has not raised on appeal his trial arguments that his obligations do not include dental
and eye care expenses. In his brief, he seems to complain that the decree did not require Russell to
submit bills to him on a regular schedule or require him to pay the bills within five days of receipt. 
The absence of a required schedule does not eliminate his obligation or render the decree ambiguous. 
If Russell wants reimbursement, she must submit bills; delays in submission only delay her
reimbursement. If Campos wants more regular submission of bills, he can ask for it or request that
the decree be modified to require it. Similarly, the absence of a firm, five-day deadline for payment
does not render the decree ambiguous or unenforceable; further, the flexibility actually would seem
to favor someone like Campos who struggles to meet his financial obligations. None of these
complaints describes an abuse of discretion in the award of $11,900 in unreimbursed medical
expenses.

 We find no abuse of discretion in the court's credibility choice between different parts
of Campos's testimony to determine the period that his insurance reimbursement debt accrued or in
the court's offset of the insurance reimbursement debt with payments he made during that period. 
There is no valid error assigned on appeal against the unreimbursed medical expenses. We overrule
point three.

 By point of error five, Campos contends that the district court abused its discretion 
by ordering a lump sum to satisfy an ambiguous provision of an unenforceable decree. This point
largely cumulates arguments from previous points of error. As we have determined above, no
preserved deficiencies in the decree or the motion harmed Campos in this action or prevented the
court from rendering its decision. Campos criticizes the district court for making a lump-sum award,
but quotes the statutory provision that "[i]f a motion for enforcement of child support requests a
money judgment for arrearages, the court shall confirm the amount of arrearages and render one
cumulative judgment." See Tex. Fam. Code Ann. § 157.263 (a) (West 1996). The statute also
requires that such judgment include a statement that it is a cumulative judgment. See id.
§ 157.263(b)(4)). We conclude that the title of the judgment--Final Judgment on
Arrearages--satisfies that requirement. Campos describes this title as "singularly defective as a
description of what the court was to have done." This argument apparently refers to the absence of
any mention of the contempt aspects of the original motion; those aspects of the motion were,
however, swept up by the clause denying all relief not granted. We fail to see how Campos is
harmed by the blanket denial of the contempt motion, especially after he conceded in his testimony
that he was in contempt of the child support provisions of the divorce decree. Campos further
complains that the district court did not make findings of fact and conclusions of law; the clerk's
record, however, contains findings of fact and conclusions of law signed April 18, 2000. We
overrule point five.

 Having overruled all points of error, we affirm the judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: June 14, 2001

Do Not Publish



PD and had no basis on which to challenge Russell's
recollection that he stopped providing insurance in 1992. The district court, faced with conflicting
testimony from the same witness, chose to accept the latter version; we cannot say it erred by doing
so and certainly cannot find that it abused its discretion by doing so. Russell and the court included
the $3764.30 in payments he made from 1993 through 1995 as part of the $5092 offset against his
total insurance reimbursement obligation. The court credited him for all of his insurance
reimbursement payments that were in evidence.

 Campos does not challenge the evidentiary underpinnings for the remaining $11,900
of the judgment that arises from his half of the children's medical expenses not covered by
insurance. He has not raised on appeal his trial arguments that his obligations do not include dental
and eye care expenses. In his brief, he seems to complain that the decree did not require Russell to
submit bills to him on a regular schedule or require him to pay the bills within five days of receipt. 
The absence of a required schedule does not eliminate his obligation or render the decree ambiguous. 
If Russell wants reimbursement, she must submit bills; delays in submission only delay her
reimbursement. If Campos wants more regular submission of bills, he can ask for it or request that
the decree be modified to require it. Similarly, the absence of a firm, five-day deadline for payment
does not render the decree ambiguous or unenforceable; further, the flexibility actually would seem
to favor someone like Campos who struggles to meet his financial obligations. None of these
complaints describes an abuse of discretion in the award of $11,900 in unreimbursed medical
expenses.

 We find no abuse of discretion in the court's credibility choice between different parts
of Campos's testimony to determine the period that his insurance reimbursement debt accrued or in
the court's offset of the insurance reimbursement debt with payments he made during that period. 
There is no valid error assigned on appeal against the unreimbursed medical expenses. We overrule
point three.

 By point of error five, Campos contends that the district