MEMORANDUM OPINION




No. 04-02-00773-CV



IN THE INTEREST OF O.N.L. and D.R.L., Children



From the 225th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CI-00903


Honorable John J. Specia, Jr., Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: October 8, 2003


AFFIRMED

 For a second time, we consider whether the trial court abused its discretion in denying Rosemarie
Lenz's request for attorneys' fees in a dispute involving the removal of a residency restriction in a suit
affecting the parent-child relationship. Rosemarie Lenz ("Romy") contends that the trial court's order
denying her request for attorneys' fees should be reversed because an award of attorneys' fees in her favor
is supported by guiding legal principles, the denial of her request is arbitrary and unreasonable, and the
Texas Supreme Court's prior opinion indicates that Romy should have been awarded attorneys' fees. We
overrule Romy's contentions and affirm the trial court's order.

Background


 The history of the underlying litigation is well-documented in the earlier decisions of both this court
and the Texas Supreme Court. See Lenz v. Lenz, 40 S.W.3d 111 (Tex. App.--San Antonio 2000),
rev'd, 79 S.W.3d 10 (Tex. 2002). To briefly summarize, Romy and Rudi Lenz were divorced in 1998.
40 S.W.3d at 112. The divorce decree incorporated a custody agreement that restricted the residence
of the parties' two children to Texas. Id. A month after the decree was entered, Romy filed a motion to
modify, seeking to remove the Texas residency restriction. Id. The modification issue was tried to a jury,
which determined that the requirements for modification had been proven and that Romy should have the
exclusive, unfettered right to determine the children's residency. Id. The trial court implicitly granted Rudi's
motion for judgment notwithstanding the verdict and imposed its own primary residence restriction, ordering
that the children reside in Bexar County. 40 S.W.3d at 113, 79 S.W.3d at 13.

 On appeal, we affirmed the trial court's judgment, holding that no evidence was presented to show
that the best interest of the boys would be served by relocating to Germany and that the trial court did not
abuse its discretion in further restricting the children's residence to Bexar County. 40 S.W.3d at 117-18.
The Texas Supreme Court, however, reversed our judgment, concluding that the jury's verdict was
supported by legally sufficient evidence and the trial court was not permitted to contravene the jury's
verdict by imposing a geographical restriction on Romy's exclusive right to establish her sons' primary
residence. 79 S.W.3d at 11-12. The Texas Supreme Court remanded "the issue of attorneys' fees to the
trial court for further proceedings consistent with [its] opinion." Id. at 12. The court noted that the award
of attorneys' fees "is discretionary with the trial court," but noted that the trial court should have an
opportunity to reconsider the award in light of the court's decision. Id. at 21.

 On remand, Rudi's attorney stipulated as to the reasonableness of the attorneys' fees being
requested by Romy, stating, "The only question to the Court is whether or not Mr. Lenz should be charged
with payment." Romy timely appealed the trial court's order denying her request for attorneys' fees.

Discussion


 The award of attorneys' fees in a suit affecting the parent-child relationship is within the trial courts'
discretion. Bruni v. Bruni, 924 S.W.2d 366, 368 (Tex. 1996). A trial court abuses its discretion if it rules
arbitrarily, unreasonably, or without regard to guiding principles. Bocquet v. Herring, 972 S.W.2d 19,
21 (Tex. 1998).

 Romy cites case law permitting a trial court to award attorneys' fees to an unsuccessful party upon
a showing that the attorneys' fees were necessary and were performed for the benefit of the child. See
Marichal v. Marichal, 832 S.W.2d 797, 798-99 (Tex. App.--Houston [14th Dist.] 1992, no writ).
However, Romy appears to misconstrue the nature of the court's holding in Marichal. In that case, the
trial court awarded attorneys' fees to the unsuccessful party, and the question was whether the trial court
had the discretion to make such an award. The court concluded that in order for the award to be within
the trial court's discretion, the trial court was required to show good cause substantiating the award to the
non-prevailing party. Id. at 798. Finding that the trial court stated sufficient good cause, the appellate court
affirmed the trial court's judgment. Id. at 799.

 In this case, the trial court did not award attorneys' fees to the unsuccessful party. Instead, the trial
court's order requires each party to pay its own attorneys' fees.

 Romy next cites case law regarding the proposition that attorneys' fees are generally awarded to
the prevailing party. Because Romy ultimately prevailed on appeal, she contends that the trial court abused
its discretion in refusing to award her attorneys' fees. Under Romy's argument, however, a prevailing party
would automatically be entitled to attorney's fees. This argument ignores the applicable standard of review
which recognizes that the award of attorneys' fees is within the trial court's discretion. Bruni, 924 S.W.2d
at 368. As one court has explained:

 [N]either party in a family law proceeding is entitled to an award as a matter of right. The
trial court is not obliged to award attorneys' fees but instead may order each party to pay
his own. Even assuming the trial court may err by awarding fees to an "unsuccessful" party
absent a showing of good cause, it is not required to award them to the "successful" party,
but rather may require the party to bear his own.


McCord v. Watts, 777 S.W.2d 809, 813 (Tex. App.--Austin 1989, no writ) (citations omitted).

 Romy further contends that the trial court ignored the "necessaries" principle which would permit
a trial court to award attorneys' fees as necessaries to the child because the fees were expended to protect
the child's best interests. However, even the Texas Supreme Court noted that the case presented issues
of first impression. Lenz, 79 S.W.3d at 11. Under the circumstances of this case, the trial court could have
believed that both parties had employed counsel in their efforts to protect the best interest of the children.
See Reames v. Reames, 604 S.W.2d 335, 338 (Tex. Civ. App.--Dallas 1980, no writ) (noting both
parents have obligation to support children by providing necessaries). In other words, the trial court may
have determined "that both parties had legitimate interests to pursue and that each side should therefore
bear its own attorneys' fees." Schneider v. Schneider, 5 S.W.3d 925, 932 (Tex. App.--Austin 1999,
no pet.). Given the facts of this case, including its appellate history and the legitimate arguments supporting
each party's position, we conclude that the trial court's decision was not arbitrary, unreasonable, or made
without reference to guiding rules and principles.

 Finally, Romy contends that the Texas Supreme Court's opinion should be read as requiring the
trial court to award her attorneys' fees. Contrary to this contention, the Texas Supreme Court reiterated
that the award of attorneys' fees is discretionary with the trial court. 79 S.W.3d at 21. Given the change
in the outcome of the disposition on appeal, the Texas Supreme Court simply believed the award needed
to be reconsidered so the trial court could take the disposition into consideration in exercising its discretion. (1)
Nowhere in the opinion does the court suggest how the trial court should exercise that discretion. In fact,
if the court had suggested such a disposition, it would have violated the prohibition against a court rendering
advisory opinions. Miga v. Jensen, 96 S.W.3d 207, 227 (Tex. 2002).

Conclusion


 The trial court's order is affirmed.

 Karen Angelini, Justice





1. This is the same action that was taken in Bruni, where the court remanded the issue of attorneys' fees for
reconsideration in light of the possible change in the underlying judgment. 924 S.W.2d at 368-69.