Opinion issued on October 8, 2009














In The

Court of Appeals

For The

First District of Texas






NO. 01-09-00212-CV

____________


IN THE INTEREST OF G.T.S., A CHILD






On Appeal from the 173rd District Court

Henderson County, Texas

Trial Court Cause No. 2007A-959






MEMORANDUM OPINION

 Appellant, Melissa Gardner, challenges the trial court's granting of summary
judgment in favor of appellee, David Kirby, in her suit to establish a parent-child
relationship (1) between G.T.S., the minor child, and Kirby. (2) In her sole issue, Gardner
contends that the trial court erred in granting Kirby summary judgment on the ground
that her suit is barred by limitations. (3) In a single cross-point, Kirby contends that the
trial court erred in awarding attorney's fees to Gardner and in not awarding him
attorney's fees.

 We affirm in part and reverse and remand in part.

Background

 G.T.S. was born on March 17, 1992 while Gardner was still married to Wesley
Hawkins, but after they had ceased living together. (4) On June 11, 1992, Tom T.
Schmidt signed an Acknowledgment of Paternity, which did not indicate that G.T.S.
had a presumed father. Schmidt was subsequently named as G.T.S.'s father on his
birth certificate. However, Hawkins never signed a denial of paternity. (5) 
Additionally, some time in 1992, Gardner ran a birth announcement listing David
Kirby as the father of G.T.S.

 On June 17, 1992, Gardner filed her petition for divorce against Hawkins in a
Dallas County district court but failed to include G.T.S. as a child born of the
marriage. Gardner served Hawkins by publication because he could not be located
at that time. The Dallas County district court granted the divorce and signed a
divorce decree on October 2, 1992.

 In 1994, Gardner instituted a suit against Kirby to adjudicate paternity of
G.T.S. in a Rockwall County district court. Gardner failed to join either Hawkins as
the presumed father or Schmidt as the acknowledged father to the suit. As a part of
this proceeding, Kirby underwent genetic testing, which showed him to be G.T.S.'s
biological father. On September 8, 1994, the Rockwall County district court
adjudicated Kirby to be G.T.S.'s father and ordered Kirby to pay child support. 

 In 2005, the Texas Attorney General filed a motion for enforcement of the 1994
child support order against Kirby in the Rockwall County district court. In response,
Kirby filed a bill of review in that same court, arguing that the court's September 8,
1994 order should be set aside and vacated because Gardner had not joined Hawkins,
the presumed father, and Schmidt, the acknowledged father, as necessary parties (6)
 in
the suit, even though Gardner knew that G.T.S. had both a presumed and an
acknowledged father. The Rockwall County district court granted Kirby's bill of
review, vacated its September 8, 1994 order, and ordered the case reset on the court's
docket. (7) However, there is nothing in the record before us to indicate whether further
proceedings occurred in the Rockwall County district court. 

 On August 30, 2007, Gardner filed a Petition to Adjudicate Parentage in the
Henderson County district court to establish a parent-child relationship between
Kirby and the minor child, G.T.S. Gardner joined the acknowledged father, Schmidt,
who signed a waiver of service, but did not join Hawkins, the presumed father. In her
petition, Gardner sought a temporary order for child support if Kirby "admit[ted]
paternity in a pleading or in open court, if the alleged father refuses to submit to
genetic testing, or if the alleged father is identified as the father through genetic
testing." Gardner also asked the district court to appoint her as sole managing
conservator of G.T.S. and award her "payment of fees, expenses, and costs . . . in
bringing this action."

 In his summary judgment motion, Kirby argued that the affirmative defense of
limitations bars Gardner's suit because G.T.S. has a presumed father and any action
to determine the parentage of G.T.S. had to be brought on or before March 17, 1996,
the fourth anniversary of the date of G.T.S.'s birth. Kirby asserted that Hawkins, who
was married to Gardner at the time of G.T.S.'s birth, is the presumed father.

 In her response to Kirby's summary judgment motion, Gardner argued that her
suit is not time-barred because the Texas Family Code provides that a "proceeding
seeking to disprove the father-child relationship between a child and the child's
presumed father may be maintained at any time if the court determines that: (1) the
presumed father and the mother of the child did not live together or engage in sexual
intercourse with each other during the probable time of conception; and (2) the
presumed father never represented to others that the child was his own." Tex. Fam.
Code Ann. § 160.607(b) (Vernon 2008). Gardner asserted that "the mother and
presumed father separated on August 20, 1990," nineteen months before G.T.S. was
born on March 17, 1992. Gardner attached to her response the October 2, 1992
divorce decree, which stated that Gardner and Hawkins "are hereby divorced." The
decree referenced only one child of the marriage, which was not G.T.S., and stated
that "the parties are not now expecting another child of the marriage." Gardner
argued that Hawkins has not represented to others that G.T.S. is his child because his
whereabouts have been unknown since she filed her divorce petition. She asserted
that she "cited [Hawkins] by substituted service [in the divorce action] . . . because
his whereabouts were unknown."

 The trial court granted Kirby's summary judgment motion, but awarded
Gardner $5,000 for attorney's fees and court costs.

Standard of Review

 To prevail on a summary judgment motion, a movant has the burden of
proving that he is entitled to judgment as a matter of law and that there is no genuine
issue of material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995). When a defendant moves for summary judgment, he must either (1)
disprove at least one essential element of the plaintiff's cause of action or (2) plead
and conclusively establish each essential element of his affirmative defense, thereby
defeating the plaintiff's cause of action. Cathey, 900 S.W.2d at 341; Yazdchi v. Bank
One, Tex., N.A., 177 S.W.3d 399, 404 (Tex. App.--Houston [1st Dist.] 2005, pet.
denied). When deciding whether there is a disputed material-fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as true. 
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 54849 (Tex. 1985). Every
reasonable inference must be indulged in favor of the non-movant and any doubts
must be resolved in her favor. Nixon, 690 S.W.23 at 549. Moreover, a summary
judgment must stand or fall on the grounds expressly presented in the motion.
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 33941 (Tex. 1993).

Statute of Limitations In her sole issue, Gardner argues that the trial court erred in granting summary
judgment because her suit to establish Kirby's parentage of G.T.S. is not time-barred.

 To obtain summary judgment on the ground that the proceeding to adjudicate
the parentage of a child with a presumed father is barred by limitations, the movant
must show, as a matter of law, that suit to adjudicate parentage was not commenced
before the fourth anniversary of the date of the birth of the child. Tex. Fam. Code
Ann. § 160.607(a) (Vernon 2008). Once the movant establishes as a matter of law
that the suit to adjudicate the parentage of a child with a presumed father was not
commenced by the child's fourth birthday, the non-movant must then raise a fact
issue on the avoidance of limitations. KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999) ("If the movant establishes that
the statute of limitations bars the action, the nonmovant must then adduce summary
judgment proof raising a fact issue in avoidance of the statute of limitations"). The
Family Code provides an exception to the four-year limitations as follows:A proceeding seeking to disprove the father-child relationship between
a child and the child's presumed father may be maintained at any time
if the court determines that: 


 (1) the presumed father and the mother of the child did
not live together or engage in sexual intercourse
with each other during the probable time of
conception; and


 (2) the presumed father never represented to others that
the child was his own.

Tex. Fam. Code Ann. 160.607(b) (emphasis added).

 A presumption of paternity exists if a man is married to the mother of the child
and the child is born during the marriage. Id. § 160.204(a) (Vernon 2008). This
presumption legally establishes the father-child relationship between the man and
child. Id. § 160.201(b)(1) (Vernon 2008). Here, it is undisputed that Hawkins is
G.T.S.'s presumed father because Gardner and Kirby agree that Hawkins and Gardner
were married when G.T.S. was born (8) on March 17, 1992. It is also undisputed that
Gardner filed her petition in the underlying proceedings in August 2007, more than
ten years after she was required to file her petition under section 160.607(a). 
Therefore, Kirby established his affirmative defense of limitations as a matter of law. 

 Gardner was then required to raise a fact issue on the exception defined in
section 160.607(b). KPMG Peat Marwick, 988 S.W.2d at 748. Merely pleading the
exception is not enough. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 
671, 679 (Tex. 1979) ("the non-movant must expressly present to the trial court any
reasons seeking to avoid movant's entitlement. . . and he must present summary
judgment proof when necessary to establish a fact issue"). Thus, Gardner had to
produce summary judgment evidence, not merely plead the 160.607(b) exception, to
raise a fact issue that she and Hawkins did not live together or engage in sexual
intercourse with each other during the probable time of G.T.S.'s conception and that
Hawkins never represented to others that the G.T.S. was his own.

 Gardner asserts that she established that she and Hawkins "separated on August
20, 1990" and "G.T.S. was born on March 17, 1992, some 19 months after the
separation." In her brief, Gardner points to no summary judgment evidence in the
record to support her assertion. Gardner did plead that she and Hawkins did not live
together during the probable time of G.T.S.'s conception, asserting that on August 20,
1990 she and Hawkins had separated. Although she attached her June 17, 1992
petition for divorce to her summary judgment response, such a pleading is not
evidence. Clear Creek Basin Auth., 589 S.W.2d at 678. Moreover, even if August
20, 1990 is the date that Gardner and Hawkins actually ceased living together,
Gardner presented no evidence that she and Hawkins did not engage in sexual
intercourse during the probable time of G.T.S.'s conception. Although Gardner did
produce her own affidavit as summary judgment evidence, she did not testify as to the
date on which she and Hawkins separated or that she and Hawkins did not engage in
sexual intercourse during the probable time of G.T.S.'s conception. Because there
is no evidence in the record to support her assertion regarding subsection (b)(1) of
section 160.607 of the Family Code, Gardner has not raised a fact issue precluding
summary judgment. 

 Gardner also asserts that Hawkins never represented to others that G.T.S. is his
child. She argues that because the "whereabouts of Wesley [Hawkins] were and still
are unknown, the 'holding out' element of subsection (b)(2) is met." However, in her
brief, Gardner does not point to any summary judgment evidence regarding
Hawkins's representations about G.T.S. In her affidavit attached to her summary
judgment response, Gardner testified only that Kirby had represented that G.T.S. is
his child. She did not testify about Hawkins at all. Gardner's assertions in her
summary judgment response that Hawkins's whereabouts were unknown still do not
raise a fact issue as to whether he has ever represented to others that G.T.S. is his
child. Because there is no evidence in the record to support her arguments under
subsection (b)(2) of section 160.607, Gardner has not raised a fact issue precluding
summary judgment. In sum, because Gardner has not raised a fact issue regarding the
exception to limitations defined in section 160.607(b), her suit is time-barred under
section 160.607(a). KPMG Peat Marwick, 988 S.W.2d at 748. Alternatively, Gardner argues that Kirby is equitably estopped from denying
that he is G.T.S.'s father because he has established a relationship with G.T.S. and is
G.T.S.'s biological father. In an appeal from a summary judgment, issues to be
reviewed by the appellate court must have been actually presented to and considered
by the trial court. Tex. R. Civ. P. 166a(c). Rule 166a(c) provides that "[i]ssues not
expressly presented to the trial court by written motion, answer or other response shall
not be considered on appeal as grounds for reversal." Id. (emphasis added). Here,
Gardner did not expressly raise the equitable estoppel issue in her response to Kirby's
summary judgment motion. (9) Gardner only attacked the limitations provision of
section 106.607(a) via the exception found in section 160.607(b). Consequently,
never having presented this issue to the trial court, the question cannot now be urged
on appeal as a ground for reversing the summary judgment.

 Accordingly, we hold that the trial court did not err in granting summary
judgment on the ground that Gardner's suit is barred by limitations.

 We overrule Gardner's sole issue.

Attorney's Fees

 In a single cross-point, Kirby argues that the trial court erred in awarding
Gardner attorney's fees because there is no legal basis to support the trial court's
award, parentage was not established due to the limitations, and "justice would
dictate" that, as the prevailing party, he should be awarded attorney's fees.

 It is within the trial court's sound discretion to award reasonable attorney's fees
in a suit affecting the parent-child relationship, including a suit to adjudicate
paternity. Tex. Fam. Code Ann. §§ 106.002(a), 160.636(c) (Vernon 2008); Lenz v.
Lenz, 79 S.W.3d 10, 21 (Tex. 2002). We review a trial court's decision to award
attorney's fees in a proceeding to establish parentage under an abuse of discretion
standard. In re O.G.M., 988 S.W.2d 473, 478 (Tex. App.--Houston [1st Dist.] 1999,
pet. dism'd). A trial court abuses its discretion when it acts "without reference to any
guiding rules or principles; in other words, whether the act was arbitrary and
unreasonable." Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985). An abuse of discretion does not occur so long as some probative
evidence supports the trial court's decision. Id. 

 A trial court may, upon a showing of good cause, allow a non-prevailing party
to recover her attorney's fees. London v. London, 192 S.W.3d 6, 19 (Tex.
App.--Houston [14th Dist.] 2005, pet. denied); see also Reames v. Reames, 604
S.W.2d 335, 337 (Tex. 1980). However, the court must state on the record or in its
judgment the good cause substantiating the award. Jenkins v. Jenkins, 991 S.W.2d
440, 450 (Tex. App.--Fort Worth 1999, pet. denied); Marichal v. Marichal, 832
S.W.2d 797, 798 (Tex. App.--Houston [14th Dist.] 1992, no writ) (appeal after
remand). If the trial court fails to do so, we may remand the issue for a determination
of whether there is good cause for the award. Jenkins, 991 S.W.2d at 450; Marichal
v. Marichal, 768 S.W.2d 383, 385 (Tex. App.--Houston [14th Dist.] 1989, writ
denied). 

 It is often difficult to decide which party prevails in cases involving family law
disputes. Billeaud v. Billeaud, 697 S.W.2d 652, 655 (Tex. App.--Houston [1st Dist.]
1985, no writ). Here, however, the trial court granted Kirby's summary judgment
motion "in all things" and ordered that "the relief requested by [Gardner] . . . is in all
things DENIED with prejudice." Although sections 106.002(a) and 160.636(c) allow
the trial court to award reasonable attorney's fees, the trial court's decision to award
attorney's fees to Gardner is unreasonable and arbitrary, absent a finding of good
cause. Jenkins, 991 S.W.2d at 450. 

 Assuming a trial court may err by awarding attorney's fees to a non-prevailing
party absent a showing of good cause, it is not required to award them to the
prevailing party, but rather may require the party to bear his own. McCord v. Watts,
777 S.W.2d 809, 813 (Tex. App.--Austin 1989, no writ). In regard to the trial court's
judgment not to award Kirby attorney's fees, the trial court did not act outside of its
discretion. Id. Section 160.636(c) provides that a trial court "may" award attorney's
fees. Because the statute is permissive rather than mandatory, the trial court did not
err in denying Kirby recovery of attorney's fees. Adams v. Stotts, 667 S.W.2d 798
(Tex. App.--Dallas 1983, no writ).

 Accordingly, we hold that the trial court erred in awarding Gardner attorney's
fees without articulating good cause for the award, and we remand for a
determination of whether good cause supports the award. We further hold that the
trial court did not err in not awarding Kirby his attorney's fees.

 We sustain the portion of Kirby's sole cross-point in which he challenges the
trial court's award of attorney's fees to Gardner without articulating good cause for
the award, and we overrule the remaining portion of Kirby's cross-point.


Conclusion

 We reverse the portion of the trial court's judgment awarding attorney's fees
to Gardner and remand that issue to the trial court for a determination of whether
there is good cause for the award. Jenkins, 991 S.W.2d at 450. We affirm the
remainder of the judgment.



 


 Terry Jennings

 Justice



Panel consists of Justices Jennings, Higley, and Sharp.
1. See Tex. Fam. Code Ann. §§ 160.601-160.637 (Vernon 2008).
2. This appeal, originally filed in the Twelfth Court of Appeals, Tyler, Texas, was
transferred to the First Court of Appeals, Houston, Texas. see Tex. Gov't Code
Ann. § 73.001 (Vernon 2005) (giving Texas Supreme Court authority to transfer
cases from one court of appeals to another for good cause).
3. See Tex. Fam. Code Ann. § 160.607(a) (Vernon 2008).
4. Because Gardner and Hawkins were married when G.T.S. was born, Hawkins is the
presumed father of G.T.S. Tex. Fam. Code. Ann. § 160.204 (Vernon 2008).
5. When a child has a presumed father, an acknowledgment by itself is not sufficient to
establish paternity. Tex. Fam. Code Ann. §§ 160.301-302 (Vernon 2008). We do
not comment on whether Schmidt's acknowledgment was effective. We refer to him
as the acknowledged father for convenience. 
6. The mother of the child and any man whose paternity of the child is to be adjudicated
"must be joined as parties in a proceeding to adjudicate parentage." Tex. Fam. Code.
Ann. § 160.603 (Vernon 2008).

7. This appeal does not arise from the proceedings in the Dallas County or the Rockwall
County district courts. However, the parties have included documents from these
other proceedings in the record before us. Neither party explains why Gardner
brought the instant proceedings in Henderson County district court and neither party
addresses the status of the proceedings in the Rockwall County district court. 
8. In her Petition to Adjudicate Parentage, Gardner originally stated that the child "has
no presumed, acknowledged, or adjudicated father." However, in her response to
Kirby's summary judgment motion, Gardner acknowledged that the child has a
presumed father, and, in her briefing to this Court, she identifies Hawkins as the
presumed father.
9. In her summary judgment response, Gardner stated, "As further evidence that
Petitioner's requested relief is not only proper, but equitable as well, [Gardner] would
show the court that since the most recent filing of the Petition to Adjudicate Parentage
on August 30, 2007, [Kirby] has been receiving the benefits of his paternity, while
continuing to shirk his responsibilities." If Gardner was trying to raise equitable
estoppel as a defense to limitations, this was an affirmative defense that had to be
pleaded once Kirby raised the limitations issue in his answer. Tex. R. Civ. P. 94. 
Gardner did not so plead, and the issue is waived. If Gardner was trying to raise the
common law doctrine of equitable estoppel to establish Kirby's paternity, she had to
plead and prove the five elements of equitable estoppel: (1) there was a false
representation or concealment of material facts; (2) made with knowledge, actual or
constructive, of those facts; (3) to a party without knowledge, or the means of
knowledge, of those facts; (4) with the intention that it be acted upon; and (5) the
party to whom it was made must have relied on the misrepresentation to his prejudice. 
Stamper v. Knox, 254 S.W.3d 537, 543 (Tex. App.--Houston[1st Dist.] 2008, no
pet.). Again, Gardner did not so plead, and she has waived the issue.